LAFAYETTE SAVINGS BANK, Respondent, *v.* ST. LOUIS STONEWARE COMPANY, Appellant.

### June 6, 1876.

1. The general powers of a manufacturing corporation give it no authority to indorse accommodation paper; but the fact that such a company appears as indorser of paper of which it is not payee does not tend to show that such an indorsement is for the accommodation of others, nor is it a circumstance to put those purchasing such paper on inquiry.

2. The burden to show that such paper was taken with notice that the company had no authority to indorse the same lies on the defendants, in a suit on the note.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

*George Denison*, for appellant, cited: McCullough v. Moss, 5 Denio, 566, 567 ; First Nat. Bank v. Hogan, 47 Mo. 472 ; Dabney v. Stevens, 46 How. Pr. 340, 341 ; Brown v. Donnell, 49 Mo. 421 ; Morford v. Farmers' Bank, 26 Barb. 568 ; Hall v. Auburn Turnpike Co., 27 Cal. 257 ; Bank of Genesee v. Patchin Bank, 13 N. Y. 309 ; Hamilton v. Marks, 52 Mo. 78 ; Farmers & Mechanics' Bank v. Empire Stone Dressing Co., 5 Bosw. 289 ; Central Bank v. Empire Stone Dressing Co., 26 Barb. 23 ; Noble v. Walker, 32 Ala. 456 ; Mauldin v. Branch Bank, etc., 2 Ala. 502 ; Central Bank of Brooklyn v. Barnabas Hammett *et al.*, 50 N. Y. 158 ; Overton v. Hardin, 6 Coldw. 377 ; Stall v. Catskill Bank, 18 Wend. 478 ; Hendril v. Berkowitz, 37 Cal. 119 ; Richards v. Darst, 51 Ill. 140 ; Thomas v. Alton, 5 Mo. 534.

*Ford Smith*, for respondent, cited: Moss v. Averall, 10 N. Y. 449–453 ; McIntire v. Preston, 10 Ill. 48.

Bakewell, J., delivered the opinion of the court.

This is a suit on a negotiable promissory note for $700, dated St. Louis, November 13, 1873, made by Merrick & Stickney, payable at plaintiff's bank, sixty days after date, to the order of Richmond, Bowman & Co., with interest at 10 per cent. after maturity. The note is indorsed " Richmond, Bowman & Co. ;" " St. Louis Stoneware Company, E. T. Merrick, Treasurer."

The petition alleges the making of the note by Merrick & Stickney, copartners, and its delivery to the payees, who for value indorsed it in writing and delivered it to defendant, which, by its proper officer, indorsed in writing and delivered the same to the plaintiff for value ; due demand, non-payment, protest, and notice are alleged, and that plaintiff holds the note for value, and that it is unpaid. The petition has the usual prayer for judgment.

Defendant, by its answer, verified by affidavit of its secre-

tary, denies knowledge of the execution of the note, and that the payees delivered it to defendant; denies indorsement and delivery by defendant to plaintiff; says that defendant received no consideration for the note, and that plaintiff knew all these facts; denies knowledge of demand, protest, and notice; denies that it had knowledge of such facts, and puts the ownership of the note at issue. The answer charges that the note was made by Merrick & Stickney, and indorsed by Richmond, Bowman & Co. for the sole accommodation of Merrick & Stickney, in a matter outside the business of defendant's corporation; that Merrick & Stickney got it discounted for their own account by plaintiff, and that defendant had no interest in the note or its proceeds; says that plaintiff had notice of all these facts.

The reply denies the new matter in the answer.

On trial the suit was dismissed as to Richmond, Bowman & Co.

The plaintiff proved that defendant was incorporated on December 20, 1865, to carry on the stoneware and pottery business in St. Louis county, with a capital stock of $100,000; which stock, at the time the note sued on was made, was owned, as to nine-tenths, by Merrick & Stickney, and as to one-tenth by Lucien R. Blackmer, the secretary of the defendant; that Merrick was treasurer, and Stickney president of defendant, and that they acted as such at the time of the execution of the note, and many years prior thereto; that Merrick was generally known as financial manager of defendant, and that various notes made to the order of defendant, and indorsed by Merrick as its treasurer, had been, during a period of three years and up to the date of the notes, discounted in St. Louis by various banks; that Merrick & Stickney were copartners as brokers and dealers in land-warrants, and that the note sued on was signed by Merrick in the firm name, and that the indorsement of defendant's name was in Merrick's handwriting.

Demand, notice, and protest were also proved, and, the note itself having been offered in evidence, plaintiff rested.

The court then, at the instance of defendant, gave an instruction that plaintiff, on the evidence, is not entitled to recover.

Plaintiff took a nonsuit with leave, and, a motion to set aside the nonsuit having been overruled, plaintiff appealed to general term, where the judgment of nonsuit was set aside and the cause remanded. The cause is brought here by appeal from the general term.

· The defendant, the St. Louis Stoneware Company, has a general authority to make and indorse notes in the regular course of its affairs, and in prosecution of its business. Its general powers as a manufacturing corporation gave it no authority to indorse, for the accommodation of another, paper in which it was not interested. The answer of defendant says that the note sued on was accommodation paper. But this is affirmative matter of defense, and should have been proved to constitute any defense to this action. There is nothing appearing on the face of the note sued on to put plaintiff on inquiry. The note sued on was not, it is true, made to the order of defendant, but that did not tend to show that it was not received by it in payment, or as collateral, in the regular course of its affairs as manufacturer of stoneware and pottery. The evidence shows absolutely nothing, in the circumstances under which plaintiff took the note, to put it on inquiry. Merrick's possession of the note was not a circumstance to charge plaintiff with notice, since Merrick was the financial agent of defendant. It is true he was maker, or one of the makers, but he was also treasurer of defendant. The burden to show that Merrick, at the time of negotiation of the note, represented it to be for the benefit of the corporation, did not lie on plaintiff.

Plaintiff made out a complete *prima facie* case, and the

'instruction asked by defendant should not have been given.
The judgment of the Circuit Court at general term, revers-
ing the judgment of the Circuit Court at special term, is
therefore affirmed, and the cause remanded to be proceeded
with in accordance with this opinion.    All the judges
·concur.