LAFAYETTE SAVINGS-BANK, Appellant, v. ST. LOUIS STONE-WARE COMPANY, Respondent.

June 26, 1877.

1. The title to negotiable paper cannot be defeated by proof of negligence or want of diligence in enquiring into the title or the equities between the parties thereto. Nothing but fraud will defeat the title thereto.

2. The legal presumption as to an endorsement on negotiable paper is that it was for value, and for a proper purpose; and where such endorsement pur-

ports to be the act of a corporation, through its proper officer, one taking negotiable paper so endorsed, for value, before maturity, is not bound to enquire whether the endorsement was made in the regular course of the business of the corporation, or was for the accommodation of the officer, or was without consideration.

3. The purchaser for value, before maturity, of negotiable paper endorsed by a corporation, cannot be charged with such notice as will defeat his title, by showing circumstances which might excite strong suspicions in the mind of a prudent man that the paper was endorsed for the accommodation of another, and not in the regular course of the business of the corporation, but positive knowledge must be shown.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

DRYDEN & DRYDEN, for appellant: Corporations, where not restrained by their charters, may adopt all reasonable modes in the execution of their business that a natural person may adopt in the doing of like business. Hence they may adopt, as a mode of borrowing money for their own use, the practice of endorsing and discounting negotiable paper made by some one else for accommodation. The limit on their power is in the endorsing of paper for the accommodation of others. — *Hening* v. *United States Ins. Co.*, 47 Mo. 432 ; Aug. & Ames on Corp., sec. 257 ; *Hart* v. *Missouri Mutual Ins. Co.*, 21 Mo. 91 ; *Blunt* v. *Walker*, 11 Wis. 334. Although it may be beyond the power of a corporation to make negotiable paper for the accommodation of others, yet it will be bound by the acts of its agent assuming to make such paper for accommodation, when the paper, on its face, is such as the corporation and the agent has the power to make, and its only defect consists in an extrinsic fact, such as the purpose for which it is made, and when the holder takes it for value without notice of such purpose. — 1 Pars. on Notes & Bills, 1st ed., 165 ; Ang. & Ames on Corp., 10th ed., 268, 257, and note *a* ; *Farmers and Mechanics' Bank* v. *Butchers and Drovers' Bank*, 14 N. Y. 623 ; *s. c.*, 16 N. Y. 128 ; *Wilmuth* v. *Crawford*, 10 Wend. 343 ; *McIntyre* v. *Preston*, 10 Ill. 62 ; *Allegheny City* v. *McClurken*, 14 Pa. St. 83 : *Bird* v.

*Daggett*, 97 Mass. 496; *Mon. National Bank* v. *Globe Works*, 101 Mass. 57; *North River Bank* v. *Aymar*, 3 Hill, 202; *Genesee Bank* v. *Patchin Bank*, 13 N. Y. 309; *s. c.*, 19 N. Y. 312; *Griswold* v. *Haven*, 25 N. Y. 595; *New York & New Haven R. Co.* v. *Schuyler et al.*, 34 N. Y. 30; *Westfield Bank* v. *Cowen*, 37 N. Y. 320; *Smith* v. *Clark County*, 54 Mo. 77; *Lexington* v. *Butler*, 14 Wall. 292. It is not enough, to charge the purchaser of negotiable paper before maturity, endorsed by a corporation, with notice that the endorsement was for accommodation, to show circumstances sufficient to put him on enquiry. — *Hamilton* v. *Marks*, 63 Mo. 167; *Lafayette Savings-Bank* v. *St. Louis Stoneware Co.*, 2 Mo. App. 299; *Franklin Savings-Institution* v. *Heinsman*, 1 Mo. App. 336.

GEORGE DENISON, for respondent: To charge the plaintiff with notice that the note was endorsed for accommodation, it was enough that circumstances sufficient to put it on enquiry existed.— *Hamilton* v. *Marks*, 52 Mo. 78; *Claflin* v. *Farmers' Bank*, 25 N. Y. 293. An accommodation endorsement cannot be made by a corporation, the officers having no authority to bind the corporation for the benefit of a third party. — *Morford* v. *Farmers' Bank*, 26 Barb. 568; *Hall* v. *Auburn Turnpike Co.*, 27 Cal. 257; *Bank of Genesee* v. *Patchin Bank*, 13 N. Y. 309.

BAKEWELL, J., delivered the opinion of the court.

This is an action against respondent as endorser of a negotiable promissory note for $1,300, dated September 18, 1873, at sixty days, payable to the order of respondent. The note is endorsed, "E. T. Merrick, Treas., Merrick & Stickney." The plaintiff dismissed as to Thompson & Co., the makers of the note, and there was a default as to Merrick & Stickney, the last endorsers. The answer of defendant, the St. Louis Stoneware Company, was verified by their secretary, and denied all the allegations of the petition, which were those usual in a suit by the holder before

maturity of negotiable paper, for value, against the maker and endorsers; and specially set up that the note was made by Thompson & Co. for the sole accommodation of Merrick & Stickney, in a matter outside of respondent's business; that Merrick & Stickney presented it for discount on their own account, and that it was discounted by appellant for the sole account of Merrick & Stickney, and the proceeds placed by appellant to their credit; that respondent had no benefit from the note, and no interest in the proceeds of the discount, and that appellant knew this at the time. This new matter was denied by the reply.

It appeared from the evidence that respondent was incorporated, under the general law of this State, as a business corporation, and to carry on the manufacture and sale of stoneware and pottery, with a capital stock of $100,000, owned, at the time the note sued on was made, by Merrick & Stickney, as to most of the shares; one hundredth part of the shares being owned by Blackmer, the secretary of the company and also its book-keeper. Merrick was treasurer and Stickney president of the corporation, and they acted in these capacities when the note was made, and for years before that. Merrick & Stickney were also partners as brokers and dealers in land-warrants, and had the chief management of the affairs of respondent, and were the custodians of all its money, notes, and bills. The company kept no bank account, but, for convenience sake, turned over its notes, bills, and cash to Merrick & Stickney, who kept a running account with it, and deposited all cash of the company, whether received from notes or other sources, with different St. Louis banks, in their own name. Merrick & Stickney thus became recognized in business circles and by the banks as the financial agents of respondent, and were looked upon, in money matters, as being, in effect, the St. Louis Stoneware Company. For several years before the date of this note, with the knowledge and consent of the directors of respondent, Merrick, as its treasurer, had

been in the habit of endorsing notes and bills made to the corporation, either for goods sold, or as accommodation paper. These endorsements were in the same form as the endorsement in the present case ; and on notes so endorsed, both business and accommodation paper, Merrick & Stickney constantly raised money by discounts in the banks with which their accounts were kept ; and, placing the money to their credit in such banks, drew upon these funds alike for their own needs and those of the corporation. Of all these facts appellant, which is a banking corporation, had notice for years before discounting the note in suit. Merrick & Stickney kept an account with appellant for a considerable period of time.

Thompson & Co., the makers of the note sued on, were in the same business with respondent, and many notes passed between them, of which several to respondent's order, made by Thompson & Co., and endorsed as in the present case, had been discounted, both by appellant and by other banks, for the account of Merrick & Stickney, before the transaction in controversy. These notes were paid at maturity without question. The note in suit was made to renew a note precisely similar, except that it was dated in July ; and the present note and the one in renewal of which it was given were accommodation paper made by Thompson & Co., at Merrick's instance. They were both brought by Merrick to appellant's bank, with the endorsements upon them in their present shape, and were discounted without enquiry as to the consideration between maker and endorser, and without any thing being said on either side as to whether the paper was accommodation paper, or as to whether it was being discounted for the benefit of respondent or of Merrick & Stickney. Merrick testified that the paper was made and endorsed for the benefit of Merrick & Stickney, in part, and in part for the benefit of respondent. Blackmer, respondent's secretary, never heard of the note until it was protested. He says

that no entries appear on the books of the company in regard to the note, and that nothing was said to him about it by Merrick & Stickney, and that respondent received no value for its endorsement. There was testimony that part of the proceeds of the July note went to pay an individual indebtedness of Merrick & Stickney. At the time the note sued on was made, there was a large balance against Merrick & Stickney on the books of respondent. There is no evidence that appellant knew any thing of the state of accounts between Merrick & Stickney and appellant, or that it knew any thing more about this paper than what appeared upon the paper itself, and what might be inferred from its knowledge of the dealings of Merrick & Stickney with itself and other banks, as above set forth. There was proof of presentment to the maker, refusal to pay, and due notice to all the endorsers. There was a verdict and judgment for defendant; and plaintiff appeals.

The court gave instructions, at the instance of plaintiff, as to the measure of damages, the facts as to presentment, non-payment, and notice necessary to charge the endorser, and as to what facts, if found, would show general authority to Merrick, as treasurer, to endorse notes for respondent. All other instructions asked by appellant were refused.

For the defendant, the court instructed the jury that, "in order to charge the bank with notice of the character of the note sued on, it was not necessary for its officers to have actual and positive knowledge that the note was made or discounted for the benefit of Merrick & Stickney, but it will be sufficient if the circumstances were strong enough to put a prudent man on enquiry."

Of its own motion, the court gave two instructions:

"1. The jury are instructed that the officers of a corporation have no authority, as such officers, to use the name of the corporation as accommodation endorser for the benefit of such officers, unless they are authorized by the corporation to do so, either by express authority or ratification of

the corporation, and if in this case E. T. Merrick procured this discount for his own benefit, or that of Merrick & Stickney, and the proceeds were paid to them by the bank, these facts are evidence tending to show that the plaintiff knew that such endorsement and discount was for the benefit of Merrick & Stickney, and not for the Stoneware Company, and if the jury so find, plaintiff cannot recover.

" 2. If the jury find that the note sued on was made by defendants H. M. Thompson & Co., for the accommodation of Merrick & Stickney, and that E. T. Merrick, an officer of the St. Louis Stoneware Company, and also a member of the firm of Merrick & Stickney, endorsed the same ' E. T. Merrick, Treas.,' and took it himself to the bank of plaintiff, and got it discounted for the benefit of Merrick & Stickney, and that the plaintiff placed the proceeds of said note to the credit of Merrick & Stickney, they will find for the defendant the St. Louis Stoneware Company, unless, at the time of obtaining such discount, said Merrick represented to the bank that the discount was for the benefit of the Stoneware Company, or that such accommodation paper had been paid by defendant previously without objection, and that plaintiff had knowledge of this at the time of discounting the paper in question, or the note of which it was a renewal."

At the time of the trial of this cause, the attention of the Circuit Court was not called to the decisions of this court in *Franklin Savings Institution* v. *Heinsman*, 1 Mo. App. 336, and in *Lafayette Savings-Bank* v. *St. Louis Stoneware Company*, 2 Mo. App. 299, and that of the Supreme Court in *Hamilton* v. *Marks*, 63 Mo. 167. The two latter decisions were perhaps not delivered until after the date of this trial. But these cases leave no question that the instructions given by the court at the instance of defendant, and of its own instance, were erroneous, and that this case was tried upon a theory of the law which is now thoroughly repudiated in this State, and, it may be hoped, permanently

eradicated from our system of jurisprudence. We may now say, as Lord Denman said in *Goodman* v. *Harvey*, that "we have shaken off the last remnant of the doctrine" of *Gill* v. *Cubitt*. The acquirement of property in negotiable paper was for a time in England, and by some courts in this country, held to be defeasible by proof of want of care; but this question of negligence is now at an end, and nothing less than fraud can now defeat the title of the purchaser of negotiable paper. The correct doctrine on this subject has been so ably discussed and its history so fully given by Judge Wagner, in *Hamilton* v. *Marks*, *supra*, and by Judge Clifford, in *Goodman* v. *Simonds*, 20 How. 343, and it is so fully affirmed in this State by the decision just quoted, that it would be a mere waste of words to dwell upon it.

The legal presumption as to the endorsement of respondent upon this paper was that it was for value, and for a proper purpose. Appellant was under no obligation whatever, in taking this paper, to enquire whether the endorsement which purported to be the act of the corporation was so in fact or not. Though the general powers of respondent as an incorporated manufacturing company gave it no authority to endorse, for the accommodation of others, paper in which it had no interest, it had power to make and endorse in the prosecution of its business and the regular course of its affairs. Parties buying paper thus endorsed were under no obligation to enquire whether the endorsement was made for value; and if any representation in this matter was necessary, it was made in the very act of offering the paper for discount, for the offering of the note to a purchaser before maturity was a declaration that the endorsement was for value, and in good faith. 101 Mass. 58; 34 N. Y. 73. To charge the bank with notice that the note was an accommodation note, in which the endorser, an incorporated company, had no interest, and that it was being discounted for the sole benefit of Merrick & Stickney, strong circumstances were not enough; positive knowl-

edge must have been shown. The first instruction for defendant should therefore have been refused.

The facts that Merrick procured this discount for the benefit of Merrick & Stickney, and that the proceeds were paid to them by appellant, were not evidence from which the jury could find that appellant knew that the endorsement and discount were for the benefit of Merrick & Stickney ; at most, they were evidence that appellant must, or may, have had a strong suspicion that the discount was not for the Stoneware Company. Futhermore, it was possible that this note, having been given by the Stoneware Company, endorsed by them in blank, in the way of trade, for goods purchased, might have come again into the possession of Merrick, for value, as a member of the firm of Merrick & . Stickney, and not as treasurer of respondent, without any intermediate endorsement, since, from its character, it could pass as readily as a treasury bond or a bank-note ; so that the bank, unless told so, could not know that Merrick & Stickney did not own the note, even supposing it proved that it knew that they got the proceeds of the discount. The second instruction for defendant should not, therefore, have been given.

The third instruction for defendant is bad, for the reasons given in regard to the first.

The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.