WISLIZENUS v. O'FALLON, *Appellant.*

1. Note: WHEN GIVEN FOR SPECIAL PURPOSE: RECOVERY ON. The failure to apply a note to the particular purpose for which it is given, can defeat a recovery thereon only in case the accomplishment of the purpose was the consideration for which the note was given.

2. ———: PAROL EVIDENCE: WHEN INADMISSIBLE. A note founded on a valuable consideration and containing an absolute promise to pay cannot be avoided by parol evidence that it was to be paid only on a certain event.

3. Bankruptcy, Discharge in: NEW NOTE: CONSIDERATION.
Although one is released from a debt by his discharge in bank-
ruptcy, yet if, recognizing the moral force of the obligation, he
gives his note for the debt, the obligation is revived and becomes a
sufficient consideration for the note.

*Appeal from Jefferson Circuit Court.*—HON. JOHN L.
THOMAS, Judge.

AFFIRMED.

*E. T. Farish* for appellant.

The inducement which caused the defendant to give
his note to John O'Fallon was only a collateral issue.
The main and only question of fact in the case, viz:
what was the consideration of the note, remains undis-
puted, and is embodied in the declarations of law asked
by defendant. The law should have been declared as
asked by defendant and judgment rendered for him.
Edwards on Bills and Notes [3 Ed.] secs. 451, 467.

*Wislizenus & Kleinschmidt* for respondent.

(1) The court, sitting as a jury, found the issues
of fact in plaintiff's favor, and those findings are sup-
ported by evidence. (2) The moral obligation to pay is
sufficient consideration to sustain a note given for a debt
from which the maker has been discharged in bank-
ruptcy. (3) No oral collateral agreements can be shown
to modify a note resting on adequate consideration.
Edwards on Bills and Notes [3 Ed.] sec. 442. (4) When
no injury results to appellant from the refusal of his
instructions in a trial before the court, there is no ground
for reversal. (5) There was no reversible error in the
court's refusing to formally grant the instructions asked
by the defendant below. The court's refusal to give a
correct declaration of law in a case tried without a jury
is not sufficient ground for reversal, unless it appear

that the court misapplied the law. *Beine v. Morrison*, 13 Mo. App. 577. The giving of an erroneous instruction, even in a jury trial, is no ground for reversal, when the verdict is for the right party. *Helm v. Foster*, 66 Mo. 382. Nor will the case be reversed for the refusal of an instruction when the result would be the same. *Occidental v. Gunghouse*, 2 Mo. App. 205.

BRACE, J.—This is an action on a promissory note, executed by defendant in favor of John O'Fallon, dated January 21, 1875, payable six months after date, for the sum of $4,122.66, and assigned by him after maturity to the plaintiff. The defendant's answer is as follows: "He admits the execution and delivery of the note sued on, but further answering and for defence, defendant avers that he owed said John O'Fallon nothing, but that said note was made and delivered to John O'Fallon (the payee thereof) for the special purpose of using and employing the same in effecting a settlement of a certain judgment rendered in the circuit court, city of St. Louis, on February 5, 1873, against said John O'Fallon *et al.*, and releasing the levy of an alias execution issued on said judgment to the sheriff of Jefferson county, Missouri, and then, on the nineteenth of January, 1875, levied on the personal property of said John O'Fallon. But defendant avers that the object of so making said note failed, and that the same was never so used and employed, but was retained by said John O'Fallon until long after its maturity, and, until recently, when, for the purpose of bringing this suit, the same was passed over to the plaintiff, wherefore, defendant avers that there has been a total failure of consideration for said note, and the same is null and void, and he prays," etc. The case was tried by the court without a jury, the issue found for the plaintiff and judgment rendered in his favor for the amount of the note and interest.

The undisputed facts leading up to the issue, as they

appear in the record, may be briefly stated as follows: On June 30, 1871, John O'Fallon endorsed, for the accommodation of James O'Fallon, two notes, each for the sum of twenty-two thousand and fifty dollars. On the twenty-seventh of November, 1871, James O'Fallon was declared a bankrupt. On the fifth of February, 1873, the Second National Bank, the holder, obtained judgment on one of these notes, against John O'Fallon, for the sum of $23,152.20; this debt was also proven in bankruptcy against the estate of James O'Fallon, who received his discharge therefrom on the eighth of December, 1874. On the seventh of May, 1873, John O'Fallon executed a deed of trust on his real estate to secure the judgment obtained against him by the bank, and on the ninth of January, 1875, his real estate was sold, under the terms of the deed of trust, and A. W. Slayback, attorney for the bank, became the purchaser at a nominal figure, and on the nineteenth of January, 1875, an execution issued on said judgment was levied on all the personal property of John O'Fallon, and on the twenty-first of the same month, John went to James J., who, thereupon, executed and delivered to John the note sued on. On the twenty-third of January, 1875, John settled this judgment with means derived from other sources, without using the note of James J. O'Fallon; beyond these facts, the testimony as to what was the consideration of the note consisted mainly of the evidence of John O'Fallon on the one side, and James J. on the other, the evidence for the plaintiff tending to prove that the note was executed by James J., in pursuance of an agreement then made between him and John, that he, James J., would pay that amount of the judgment against John, and on the part of the defendant, that it was given to be used in some manner in releasing John's personal property from the levy of the execution on the judgment, and in some way redeeming a certain tract of John's land from the deed of trust, for the benefit of the wife of James J.

The defendant asked three instructions, all of which were refused, and the court declared the law of the case as follows:

"The court declares the law to be, that if the court, sitting as a jury, believe and find, from the evidence in this case, that James J. O'Fallon was discharged in bankruptcy, in December, 1874, then he was discharged from all legal obligation to pay the note of twenty-two thousand and fifty dollars, held by the Second National Bank, but if the court should further find, from the evidence, that the defendant gave the note in suit to John O'Fallon, on the twenty-first day of January, 1875, to reimburse the latter *pro tanto* for any amount that he might have to pay on the note of twenty-two thousand and fifty dollars, as the endorser for defendant, then there was sufficient consideration for the note in suit to support it, and the plaintiff ought to recover; and in that event it makes no difference whether or not John O'Fallon said, at the time he received the note, that he desired to use it to raise money to obtain a release of his property, then under levy by the sheriff on the execution introduced in evidence."

The legal proposition contained in defendant's second instruction, to the extent that it was proper to be given, is included in the declaration of law given by the court. His first and third instructions are as follows:

"1. If the court, sitting as a jury, believe, from the evidence, that the note sued on was not given in payment of any indebtedness existing between James J. O'Fallon and John O'Fallon, but was made and delivered for the special purpose of using and employing the same in effecting a settlement of the judgment and execution issued thereon, and releasing the levy thereof, as mentioned and set out in the amended answer in this case, and that said note was never so used or employed, but was retained by said John O'Fallon, then such facts

constitute a diversion of said note, and the same became void in the hands of said John O'Fallon."

"3. Although the court may believe, from the evidence, that James J. O'Fallon gave the note sued on to be applied in liquidation of his liability on the note of twenty-two thousand and fifty dollars, in the event it was used and employed by John O'Fallon in settling the judgment and releasing the levy of the execution, mentioned in the answer, yet, if he did not so use and employ said note, then the same became void in the hands of said John O'Fallon."

The vice of defendant's first instruction is, that the principle, asked to be therein declared, would avoid the defendant's absolute and unconditional promise in writing to pay, upon failure by the payee to make the particular use of the note purposed by the parties, at the time it was executed, although the application of the note to the particular purpose, and the accomplishment of the object of that purpose, may not have constituted the consideration for which it was given, and, notwithstanding it may have had a valuable consideration, other than an existing indebtedness from the maker to the payee. The instruction does not reach the consideration, the failure of which was the defence to the action. The failure to apply the note to the particular purpose for which it was given could avoid it, and defeat a recovery thereon, only in case the accomplishment of that purpose was the consideration for which the note was given, a fact not predicated in the instruction as necessary to its avoidance. The fault of defendant's third instruction is, that by it the court is asked to declare that, although the maker had executed and delivered his note in writing, containing an absolute and unconditional promise to pay, in any event founded upon a good and valuable consideration, yet, such note may be avoided, and a recovery thereon defeated, by a condition not contained in the note, but dwelling in parol, that such note was to be paid only in a certain event. The

statement of this proposition is its sufficient refutation; such a defence could neither be pleaded nor proven.

We find no error in the refusal of the court to give the instructions asked by the defendant. The correctness of the legal propositions contained in the declaration of law, given by the court, is not directly complained of here, but it is insisted that the court made a mistake as to the consideration of the note, and that this was a misconception of the law embraced in that declaration. What was the consideration of the note, was a question of fact; the court found that consideration to be "the obligation of James J. O'Fallon to reimburse John for any amount of money he might have to pay on the note of twenty-two thousand and fifty dollars, which he had endorsed for the accommodation of James," and held that, although he was released, by discharge in bankruptcy, from any legal obligation to reimburse John, yet if, recognizing the moral force of that obligation, he, by his note, expressly promised to do so *pro tanto*, that obligation was revived to the extent of the promise so made, and became a sufficient consideration to support the promise contained in said note. The legal proposition is correct, and the finding of fact being sustained by the evidence, the judgment is for the right party, and is acordingly affirmed. All concur.