C. G. CLOUD, Respondent, v. INTERNATIONAL BOOK AND NEWS COMPANY, Appellant.

St. Louis Court of Appeals, November 9, 1886.

1. NEGOTIABLE INSTRUMENTS—HOLDER FOR VALUE—BAD FAITH.—The question of negligence in the purchase of negotiable paper for value before maturity, is material only as bearing on the question of bad faith in making the purchase.

2. ——— PRESUMPTIONS—BURDEN OF PROOF.—The transferee of negotiable paper before maturity, is presumed to have acquired it in good faith, and the burden is on him who claims the contrary.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

CREWS & BOOTH, for the appellant: The respondent could only recover on the ground that he acquired the note, *bona fide,* for value, in the usual course of business, before maturity, and without notice of any circumstance impeaching its validity. Daniel on Neg.

Inst., sects. 812, 819 ; *Johnson v. McMurry*, 72 Mo. 278 ; *Hamilton v. Marks*, 63 Mo. 167. He took the nore in bad faith. *Barr v. Baker*, 9 Mo. 850 ; *Edwards v. Thomas*, 66 Mo. 47 ; *Cass Co. v. Green*, 66 Mo. 498 ; *Baldwin v. Whitcomb*, 71 Mo. 651.

Boyle, Adams & McKeighan, for the respondent : Bad faith of the transferee of negotiable paper to defeat title must be shown by the person assailing the holder's title. *Hamilton v. Marks*, 63 Mo. 167 ; *Goodwin v. Simonds*, 20 How. [U. S.] 343 ; *Murray v. Lardner*, 2 Wall. 110 ; *Johnson v. McKinney*, 72 Mo. 278.

Thompson, J., delivered the opinion of the court.

Action on a promissory note. The defence, substantially, was that the payee of the note had procured it of the defendant under an arrangement by which they had "swapped notes" with each other, so to speak, he giving to the defendant, at the time of receiving this note, and in exchange for this note, his own note payable to the defendant, of even date, amount, and time, with this note ; that he had failed to pay his note so given to the defendant in exchange for this note ; and that the plaintiff took this note with notice of the circumstances under which it was given.

I. The evidence showed that the note was given under the circumstances above stated, that it was purchased by the plaintiff of the payee for value before maturity, without notice of any of the above facts.

Upon this evidence the court instructed the jury that no evidence had been given sufficient to establish a defence to the note, and that they must find for the plaintiff. This direction was clearly right. We re-affirm the following propositions of law laid down by this court in *Mason v. Bank of Commerce* (16 Mo. App. 277) : "That the holder of an unmatured negotiable promissory note indorsed in blank is, *prima facie*, the owner thereof, with full power to dispose of the same ; and that whoever purchases it from him for value gets a good title

thereto, in the absence of knowledge of circumstances affecting the title of such holder, provided such purchaser act in good faith. It is not sufficient to destroy his title that there were circumstances sufficient to put a prudent man upon inquiry, or that he may have been negligent in failing to avail himself of his means of knowledge. The test of his rights is not negligence, or diligence, but it is good faith or bad faith ; although the fact of negligence may, under circumstances, be evidence tending to show bad faith." There were no circumstances in the evidence in this case tending to show bad faith, or even negligence. The plaintiff, being a banker, purchased the note of the payee upon his representation that it had been given for the purchase money of a stock of books, and he knew that the payee had previously owned a stock of books, and, from the defendant's corporate name, he was warranted in concluding that they were dealers in books. The circumstance that he was not a banker in St. Louis, where the maker and the payee of the note both lived, was of no moment ; since notes are every day discounted by distant bankers, and especially since the explanation of the payee that this note could not be made available in St. Louis because of the length of time, eight months, which it had to run, was probable in itself, and was calculated, not to create, but to disarm suspicion.

II. We do not wish to intimate a doubt that the plaintiff could have recovered if he had taken the note with full knowledge of the circumstances under which it was given. We think that it is important that the business community should not get the impression that we decide that there was any infirmity in the note, even in the hands of one taking it with notice. As this question is not before us, we are not to be understood as deciding it.

The judgment of the circuit court will be affirmed. It is so ordered. All the judges concur.