GEORGE W. ALLEN, Respondent, v. MARY L. HARRIS et vir, Defendants, RANKIN, TRAVIS & COMPANY, Appellants.

Kansas City Court of Appeals, April 3, 1899.

**Bills and Notes:** TRANSFER OF INDORSED NOTE: BONA FIDE TAKER: CONSIDERATION. Where commercial paper is indorsed in blank by the payee it is transferable by mere delivery, and one who in good faith takes the same as collateral for a debt and extends the time for the payment of such debt becomes a purchaser for value, though his transferer may in fact have no title thereto.

*Appeal from the Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

J. P. LEWIS for appellants.

(1) Under the undisputed facts of the case the court erred in finding for plaintiff. There is no controversy but that appellants took the notes *bona fide* to secure a note given

by Iler in settlement of an overdue account, and in which a year's longer time was given. Negotiable paper taken before maturity in settlement of a pre-existing debt, or in extension of it, or for a new debt, is free from equities in the hands of the *bona fide* holder. Story on Prom. Notes [6 Ed.], sec. 195; Logan v. Smith, 62 Mo. 455; Paulette v. Brown, 40 Mo. 52; Deere v. Marsden, 88 Mo. 512; Crawford v. Spencer, 92 Mo. 498-509; Goodman v. Simonds, 20 How. (U. S.) 343; Oates v. Bank, 100 U. S. 239; Goodman v. Simonds, 19 Mo. 106, is still sustained as shown in Wine Co. v. Rinehart, 42 Mo. App. 171; Loewen v. Forsee, 137 Mo. 29-43; Langford v. Varner, 65 Mo. App. 370; Emmert v. Meyer, 65 Mo. App. 609; Bowlin v. Creel, 63 Mo. App. 229; 2 Pars., Notes and Bills, 32; Dugan v. U. S., 3 Wheat 172-183; Daniels, Neg. Inst., 573, 1191, 1230; Fitzgerald v. Barker, 85 Mo. 13; Story, Prom. Notes [6 Ed.], sec. 43-138; 2 Parson's Notes and Bills, p. 20; 1 Parson's Notes and Bills, 278-280. All presumptions are in favor of its validity. Daniel's Neg. Inst. [3 Ed.], 812; Bank v. Bank, 71 Mo. 183-197; Neuhoff v. O'Reilly, 93 Mo. 164; Fogg v. School District, 75 Mo. App. 159.

L. D. RAMSAY for respondent.

(1) The question here is much the same as it would be had Iler taken Allen's horse to pasture and, while enroute, turned him over to Rankin, Travis & Company to secure his own debt. If Iler had no title Rankin, Travis & Company would get none. Bank v. Morris, 114 Mo. 255-260. (2) It is true that appellant has cited some cases where the controversy was between different claimants to the proceeds of the paper, but on examination it will be found that those cases were not determined by the law of negotiability, but by the law of estoppel, because in each case, the claimant other than the holder, had indorsed his or her name upon the paper and put it out to be disposed of. In case at

bar, Allen did not put his name on the paper or do anything
to estop him but sent the paper to the bank at Westboro and
had a right to suppose it was there in his own possession.
Deere v. Marsden, 88 Mo. 512, cited by appellant, is an at-
tachment suit and the ownership of personal property was in
dispute.    (3)    Rankin, Travis & Company were careless
and negligent in selling the goods on time to one in his condi-
tion, much so as Allen had been in signing his notes and try-
ing to help him along from time to time.    They testify that
Iler was hard up and could not pay.    They could afford to
give him time.    They had it to do.    They could not have
collected it, perhaps in a hundred years, with or without ex-
tension of time.    It cost them nothing to extend time a year.
They are not one of two innocent parties who must suffer for
the fraud of a third.    They made their own bed and must lie
in it.

GILL, J.—Plaintiff brought this suit to foreclose a
deed of trust given by defendants Harris to secure five prom-
issory notes of $100 each which said defendants executed,
April 4, 1894, to one N. W. Iler, and which were due in
one, two, three, four and five years from date.
Immediately after Iler got these notes he in-
dorsed them in blank and turned the same
over to plaintiff Allen to secure said Allen as
surety on a note of $500 said Iler had given to another party.

STATEMENT.

Shortly after the first of the $100 notes became due
Allen gave all five of these notes back into the hands of Iler,
who, as Allen testified, promised to collect what he could
from Mrs. Harris and leave the money or notes to his, Al-
len's, credit in the bank at Westboro.    Allen seems to have
had great confidence in Iler and the latter was permitted to
keep possession of the Harris notes until in February, 1897,
when Iler delivered the three last maturing (and none of
which were then due) to defendants Rankin, Travis & Com-
pany as collateral security for a debt of $273.33 which Iler

then owed said firm.    This debt was then in the form of an account and became due January 1, 1897.    Rankin, Travis & Company were pressing Iler for payment, and it was then agreed between them that Rankin, Travis & Company would give Iler until January 1, 1898, to pay the claim provided security was given.    Iler offered, and Rankin, Travis & Company accepted, the three Harris notes (not yet due) as collateral security for the debt owing by the former to the latter, and which, as already stated, it was agreed, in consideration of such security, should be extended nearly one year.    These notes when taken by Rankin, Travis & Company had nothing on the back thereof except the indorsements showing payment of the first two years' interest, and the name of Iler, the payee, indorsed in blank.    It is also conceded that at that time said Rankin, Travis & Company had no notice whatever that Allen or any other person than Iler had any claim or interest in these notes.

At the institution of this action Rankin, Travis & Company had said three notes in their possession and were made parties to the suit because of their claim thereto.    About the time the suit was brought defendants Harris paid the amount of the first two notes to plaintiff Allen and deposited in court what they alleged was the amount due on the three notes held by Rankin, Travis & Company, leaving Allen and Rankin, Travis & Company to litigate their rights as to the ownership of said three notes or the proceeds thereof.

In the trial by the court below judgment was rendered in favor of plaintiff Allen and defendants Rankin, Travis & Company appeal.

As will be seen from the foregoing statement, the real controversy here is, who was, at the institution of this suit, the legal owner of the three negotiable promissory notes executed by defendants Harris to Iler, by him first indorsed and turned over to plaintiff Allen, but later said Iler getting them

BILLS and notes:
transfer of in-
dorsed note;
bona fide taker:
consideration.

back from Allen and then subsequently delivering said notes over to defendants Rankin, Travis & Company for collateral security for debt then owing said firm, and on which said debt he (Iler) then secured an extension of time because of said collateral. The trial court held, and, as we think erroneously, that Allen's title to the notes was superior to that of Rankin, Travis & Company.

This is an instance of the transfer of negotiable paper before due, and with the payee's name indorsed in blank, to a *bona fide* holder for value and without notice of any defect in the title of the transferer. In a case of that kind the law will support the title of one so acquiring the paper, regardless of the real ownership—that is, whether the party so delivering the paper to the good faith purchaser, for value, has a good and just title, or shall have procured the paper by fraudulent means or even by theft. 2 Parsons on Notes and Bills, p. 20; 1 Daniel Neg. Inst., sec. 769a; Franklin Savings Inst. v. Heinsman, 1 Mo. App. 336; Fogg v. School District, 75 Mo. App. 159, 169, 170; Courtial v. Lowenstein, 2 Mo. App. Reporter, 278, and authorities there cited.

While the general rule is that in the sale or transfer of ordinary personal property the vendee gets only the title of his vendor, yet "the exemption from this principle of securities transferable by delivery was established at an early period. It is founded upon principles of commercial policy, and is now as firmly fixed as the rule to which it is an exception." Justice Swayne in Murry v. Lardner, 2 Wall. 121. The paper here in controversy was negotiable in form, and when delivered to Rankin, Travis & Company had thereon the genuine indorsement in blank of the payee. It was therefore transferable by mere delivery—passed current as bank notes from hand to hand. "The party who takes such paper before due for a valuable consideration, without knowledge of any defect of title, and in good faith, holds it by a valid title *against all the world*." Heinsman case, *supra.*

Judge Story says: "If the note should, after such blank indorsement, be lost, or stolen, or fraudulently misapplied, any person who should subsequently become the holder of it *bona fide* for a valuable consideration, without notice, would be entitled to recover the amount thereof, and hold the same against the rights of the owner at the time of the loss or theft." Story Prom. Notes [7 Ed.], sec. 137. This point was considered and decided by us in a case last term.. Courtial v. Lowenstein, *supra*, and the same principle was involved in Fogg v. School District, *supra*.

The undisputed facts of the case at bar establish, without question, that Rankin, Travis & Company acquired the negotiable paper in question before due, for a valuable consideration, and in entire good faith. The notes were at the time indorsed in blank with the genuine signature of the payee; they were then transferable by mere delivery. They took it therefore relieved of all claim of the rightful owner. They became purchasers for value because of the fact that in 'consideration thereof they granted Iler an extension of time on the debt he owed them. Deere v. Marsden, 88 Mo. 512; Crawford v. Spencer, 92 Mo. loc. cit. 509; Wine Co. v. Rinehart, 42 Mo. App. 171; Tiedeman on Com. Paper, sec. 166.

So then it can make no difference, under the facts of this case, whether plaintiff gave these notes into the hands of Iler for collection merely or for any other purpose; he clothed said Iler with apparent good title and empowered him to pledge or sell the same to one acting in good faith. We have then a just application of the rule, "where one of two innocent persons must suffer, the one must be the sufferer who gave occasion to the commission of the wrong." Quigley v. Bank, 80 Mo. loc. cit. 295.

In our view then of this case, defendants Rankin, Travis & Company were entitled to the proceeds of the three notes in question—or rather to a sufficient amount thereof to pay Iler's note which they held. Judgment reversed and cause remanded. All concur.