# BARNARD STATE BANK, Respondent, v. JOHN E. FESLER, Appellant.

## Kansas City Court of Appeals, May 6, 1901.

1. **Corporations: POWER OF PRESIDENT: ASSIGNMENT OF ASSET.** The cases relating to the power of the president of a corporation to assign its assets, such as a note or an account, are reviewed and it is *held* that he can not do so unless in some lawful manner authorized thereto.

2. **Evidence: TRIAL PRACTICE: OBJECTION: INDORSEMENT.** The objections made by defendant to the introduction of the note in suit are *held* insufficient to raise the question of the president of a corporation's power to indorse the same; and the indorsement being in the president's handwriting, the note was prima facie admissible without other objection.

3. **Bills and Notes: INDORSEMENT FOR COLLECTION: EVIDENCE.** The fact that an indorsement to another than the plaintiff appears on the note, will not prevent its presentment in evidence when it appears that such indorsement was for collection and the indorsee is the attorney bringing the suit.

4. **———: DELIVERY: USUAL COURSE OF BUSINESS.** A negotiable note in the usual course of business passes by delivery.

5. **———: PAROL EVIDENCE: CONTEMPORARY AGREEMENT: CONSIDERATION.** Defendant for a consideration gave three notes absolute on their face. *Held*, he could not show by parol evidence a verbal contemporary agreement that he was to pay only one of the notes and incur no liability on the other two.

Appeal from Nodaway Circuit Court.—*Hon. Edward Vinsonhaler*, Special Judge.

AFFIRMED.

*Aleshire & Benson* and *B. R. Martin* for appellant.

Barnard State Bank v. Fesler.

(1) The court erred in permitting the note sued upon to be introduced in evidence. No doctrine has been more strongly adopted in this State than the fact that where plaintiff sued upon an indorsed note the indorsement must be proven before you can recover. A general denial in an action on a promissory note by the alleged indorsee puts in issue the plaintiff's title to the note, and the genuineness of the indorsement. Bank v. Pennington, 42 Mo. App. 355; Worrell v. Roberts, 58 Mo. App. 197; Saville v. Huffstetter, 63 Mo. App. 273.     (2)     A second reason why the note should not have been admitted was, that the plaintiff did not show any authority of J. A. Taylor, as president of the Stanberry Normal School Association to indorse and sell this note even if it was his signature.     Corporations will not be permitted to dispose of the assets of their company by the president and treasurer between each other without the full approval of the directory.     Hyde v. Larkin, 35 Mo. App. 366; Ferguson v. Trans. Co., 79 Mo. App. 352. (3) The court erred in giving plaintiff's peremptory instruction directing a verdict for the plaintiff.     Chamberlain v. Smith, 1 Mo. 482; Speed v. Herrin, 4 Mo. 356; Bryan v. Wear, 4 Mo. 106; Vaulx v. Campbell, 8 Mo. 226; Winston v. Wales, 13 Mo. 569; Steamboat v. Matthews, 28 Mo. 248; McKowan v. Craig, 39 Mo. 156; Benton v. Klein, 42 Mo. 97; Gregory v. Chambers, 78 Mo. 298; Shroeder v. Railroad, 108 Mo. 322; Wolff v. Campbell, 110 Mo. 114; Land Co. v. Ross, 135 Mo. 101; Bender v. Railroad, 137 Mo. 240; Huston v. Tyler, 140 Mo. 253; Gannon v. Gas Co., 145 Mo. 502; Baird v. Railroad, 146 Mo. 265; Buckley v. Kansas City, 156 Mo. 16; Hamman v. Coal & Coke Co., 156 Mo. 232; Fisher v. Lead Co., 156 Mo. 479; Kuhl v. Meyer, 42 Mo. App. 474; Samuel v. Potter, 28 Mo. App. 365; Stewart v. Sparkman, 69 Mo. App. 456; Hadley v. Orchard, 77 Mo. App. 142; Price v. Barnard, 65 Mo. App. 649.

*Peery & Lyons* and *Ramsay & Blagg* for respondent.

(1) "Possession by the indorser of a dishonored bill of exchange is evidence sufficient to enable him to maintain an action thereon, though at the same time there appears upon the bill an indorsement in full from him to another party." Am. and Eng. Ency. of Law (2 Ed.), p. 255; 2 Dan. Neg. Inst., sec. 1198; Page v. Lathrop, 20 Mo. 589; Dugan v. U. S., 3 Wheat 172. (2) Since the evidence and admissions of defendant clearly showed the note to be based on a valuable consideration, all of the evidence offered in regard to the bona fides of the transfer by Costello to plaintiff, became wholly immaterial. (3) It is settled law that the absolute promise contained in a promissory note can not be defeated by any alleged oral agreement that it was only to be paid in a certain contingency, or that it was to be surrendered upon payment of part of it. Jones v. Shaw, 67 Mo. 667; Ewing v. Clarke, & Mo. App. 570; s. c. (affirmed), 76 Mo. 545; Wislizenus v. O'Fallon, 91 Mo. 184; Gregory v. McCormick, 120 Mo. 661; Squier v. Evans, 127 Mo. 514; Rodney v. Wilson, 67 Mo. 123; Ins. Co. v. Buchalter, 83 Mo. App. 504; Wood v. Motley, 83 Mo. App. 98. (4) And such an agreement to surrender the note in suit and the other note of equal amount upon the payment of the note of $1,750, would be wholly void and non-enforcible, because the payment of part of a debt is no consideration for a promise to release the balance of it. Deutmann v. Kilpatrick, 46 Mo. App. 629; Riley v. Kershan, 52 Mo. 226; Griffith v. Creighton, 61 Mo. App. 1; Swaggard v. Hancock, 25 Mo. App. 596. (5) It was proven unequivocally that the indorsement in blank on the note by the association, by Taylor, as president, was the genuine signature of Taylor. The indorsement being in blank, the paper, of course, passed by delivery. Its possession, and the offer of it in evi-

dence was prima facie evidence that the plaintiff took it before maturity, for value, and without notice. Allen v. Harris, 79 Mo. App. 490; Grelle v. Loxen, 7 Mo. App. 97; Cloud v. Book Co., 23 Mo. 'App. 319; Bank v. Stoneware Co., 4 Mo. App. 276; Bank v. Stanley, 46 Mo. App. 440; Hawes v. Mulholland, 78 Mo. App. 500. (6) The defendant in his answer having admitted the execution of the note, and the only valid defense pleaded being want of consideration, and by his own judicial confession, when sworn as a witness, that defence having failed, it follows that it was the duty of the court to direct a verdict for the plaintiff. That such is the law of this State can not be questioned. Bank v. Hainline, 67 Mo. App. 483; Brew. Co. v. Lindsay, 72 Mo. App. 591; Hawes v. Mulholland, 78 Mo. App. 493; Ferguson v. Trans. Co., 79 Mo. App. 352; Banking Co. v. Ins. Co., 75 Mo. App. 310; Muth v. Trust. Co., 77 Mo. App. 493; Hoster v. Lange, 80 Mo. App. 234; Marble Co. v. Achuff, 83 Mo. App. 42. The above cases were all decided by the respective courts of appeals, but the rule therein stated is not in conflict with that of the Supreme Court. Jackson v. Hardin, 83 Mo. 175; Reichenbach v. Ellerbe, 115 Mo. 588; Barton v. Sitlington, 128 Mo. 164; Bless v. Jenkins, 129 Mo. 647; Kreis v. Railroad, 148 Mo. 321; Ford v. Dyer, 148 Mo. 528; McFadin v. Catron, 138 Mo. 197; Railroad v. View, 156 Mo. 608; Carter v. Railroad, 156 Mo. 642.

BROADDUS, J.—This is a suit on a promissory note dated the eighth day of May, 1896, payable to the Stanberry Normal School Association, a corporation, for the sum of $1,875, and negotiable and due on or before September 1, 1897, with eight per cent interest from date. This note was indorsed in blank and delivered to one Terrence W. Costello, before due, by the president of the association, and Costello in

August, 1897, transferred it to the plaintiff as collateral se-
curity for an alleged loan of $1,200. The answer is quite
lengthy, the purport of it being that the note was without con-
sideration, that the transfer was fraudulent, of all of which
the plaintiff had due notice, and that the said Costello was the
real party in interest.

The facts of the case, in a general way, are these: Prior
to the execution of the note in controversy, the building of the
corporation was burned and all its contents were destroyed.
At that time the defendant was the owner of the greater part
of the capital stock of the corporation. It was determined to
rebuild and the officers of the corporation decided to make an
effort among the citizens of Stanberry for financial assistance
for that purpose. Committees were appointed for the purpose
of soliciting among the citizens for subscriptions to the capital
stock aforesaid, and while this was being done it was discovered
that policies of insurance to the amount of $4,000 on the build-
ing destroyed had been pledged to secure an individual debt
of the defendant owing to the Tootle estate in St. Joseph, Mis-
souri. When this was found out it was represented to the de-
fendant by the officers of the corporation that by reason of that
fact the citizens of the town would not subscribe for stock,
unless he would make good for the use of the corporation the
amount of the insurance pledged to his use. There was only
$3,750 of the $4,000 that was made available by the defendant;
hence, the amount paid by the corporation over and above the
insurance was $1,750. At the date of the note defendant exe-
cuted three notes payable to the corporation, to-wit: One for
$1,750 and two for $1,875, each, making in the aggregate the
sum of $5,500—a sum corresponding to the debt which the de-
fendant owed the Tootle estate, and which had been paid, as
stated, in effect by the corporation. At the time when these
notes were executed it was thought by the corporation officers

that with this condition of facts known to the public, the citizens would be satisfied and would subscribe to the capital stock; and it appears that they did so, for about $15,000 of stock was afterwards subscribed by them.

One of the notes for $1,875 is now in suit. At the time of the execution of the notes the defendant put up as collateral security, $15,000 in shares of the corporation, about one-third of which was pledged to each one of the notes. It is claimed by the defendant that he was not to pay either of the notes for $1,875; that it was so agreed between the officers and himself at the time of their execution that the $1,750 represented his indebtedness to the corporation and that the other two were only executed for the purpose of satisfying the citizens of Stanberry so that they might be induced thereby to subscribe to the enterprise. Taylor, the head of the corporation, testified in the case that there was another and different understanding as to the consideration of the notes, and so did others; that, however, is unimportant as the peremptory instruction given to the jury to find for the plaintiff was not based upon plaintiff's evidence, but upon the evidence of the defendant, and if the case can not be sustained upon that theory, the instruction was erroneous. There was also in issue, before the jury, the bona fides of plaintiff's ownership of the note; that he bought with notice of defendant's rights; that the corporation had no authority to dispose of the note in question without the approval of the directory; and further, that the indorsement on the back of the note is to Gallatin Craig and not to the plaintiff.

Had the president of the corporation the right to dispose of the note in question without authority from its board of directors? The plaintiff contends that the indorsement of the following words is prima facie evidence that the president, J. A. Taylor, had authority to make it, and that, therefore, the note passed to the holder: "Without recourse, Stanberry Nor-

mal School Association, by J. A. Taylor, president." In Hyde v. Larkin, 35 Mo. App. 365, the court held that a corporation could not, by the act of its president, assign an account due the corporation. The president in that case borrowed a sum of money from the plaintiff and as security assigned him the corporation's account. The money was borrowed for and used for the benefit of the corporation. In the case of Furgerson v. Transportation Company, 79 Mo. App. 352, it was held, that the president of a corporation had no authority, by virtue of his office, to assign an asset of the corporation to pay a corporation debt. On the contrary, in Bambrick v. Campbell, 37 Mo. App. 460, it was held, that the president of a corporation had the authority to transfer a special taxbill, and that evidence of the president's authority to make the assignment was not requisite. In Savings Bank v. St. Louis Stoneware Co., 4 Mo. App. 276, it was held, that the legal presumption as to an indorsement on negotiable paper is that it was for value, and for a proper purpose; and where such indorsement purported to be the act of the corporation, through its proper officer, one taking negotiable paper for value before maturity is not bound to inquire whether the indorsement was made in the regular course of the business of the corporation or was for the accommodation of the officer, or was without consideration.

In Musser v. Johnson, 42 Mo. 74, it was held, that on the conveyance of real property, it must purport to be made and executed by the corporation acting by its duly authorized agent. But in matters of simple contract the rule is not so strict, and an execution of an instrument will be inferred from the general principles of the law of agency. In Mo. Fire Clay Works v. Ellison, 30 Mo. App. 67, it was held, that the authority of an officer of a corporation to execute a deed will be presumed in the absence of evidence to the contrary, where the same is acknowledged before a proper officer and the seal of the cor-

poration is attached.    In Winscott v. Investment Co., 63 Mo. App. 367, it was held, that a contract signed by the president and secretary of a private corporation will be presumed to be within the powers of these officers in the absence of evidence to the contrary.    In Hall v. Bank, 145 Mo. 418, it was held, that "a deed signed by the vice-president of a corporation and sealed with its corporate seal is prima facie valid."    The weight of authority in this State is to the effect that the acts of the officers of a corporation are prima facie valid.

Waiving this point, it is a question whether the defendant's objection to the note when it was offered on the trial as evidence, raised the question of the authority of the president of the corporation without the direction of its board of directors to indorse it in blank or otherwise.    When it was offered, counsel for defendant stated:    "We object to the note sued upon, because, under the testimony and the pleadings and the note, as they now appear, it is incompetent and not proper to be introduced in evidence, including the indorsement."    By the court:    "It isn't proper testimony.    Is that the nature of your objection?"    Counsel for defendant:    "That is, it is not proper.    The fact is, that the note shows that it is owned by Mr. Craig and not by the Bank of Barnard at all."    The first objection was a general one which did not raise the question of the authority of Taylor, the president of the corporation, to make the indorsement; the second was more specific, but it was to the effect that the indorsement showed that the note was owned by Mr. Craig and not by the bank—the plaintiff. Under this state of facts, there was no error in admitting the note and indorsement in evidence.    The testimony that the indorsement was in the handwriting of Taylor, the president, prima facie authorized the introduction of the note in evidence, there being no other objection.

There is nothing in the objection that there is an indorse-

ment on the back of the note to Gallatin Craig, since it was made to appear that the same was made for the purpose of collection; and it also appears that Gallatin Craig was the attorney who brought the suit.

The main question in the case involves the action of the court in giving the peremptory instruction directing the jury to find for plaintiff on the whole evidence. It is not necessary to go over the evidence in detail. The evidence of the plaintiff that there was a sufficient consideration for the note need not be considered, as has already been said, for it is in conflict with that of the defendant and the court would not be justified in giving a peremptory instruction where the evidence was conflicting. But it must stand or fall upon the whole testimony of the case. When the defendant showed on his part the inducement for the giving of the three notes, including the one in suit, that this one, as well as its mate for the same amount, was not to be paid, but was for the purpose of enticing citizens of the town of Stanberry to take stock in the corporation, and was to be surrendered up to him, did he thereby make any legal defense whatever to the action? If he did not, all the questions raised in the evidence as to the indorsement of the note and the bona fides of the holder became immaterial as the note in the usual course of business passed by delivery. Allen v. Harris, 79 Mo. App. 490; Cloud v. Book Co., 23 Mo. App. 319; Bank v. Stanley, 46 Mo. App. 440; Hawes v. Mulholland, 78 Mo. App. loc. cit. 500.

Under defendant's own evidence he had no defense to the note. The agreement that he was not to pay two of the notes that were executed for the purpose of enticing citizens to take stock in the corporation, and that they were to be returned to him, did not raise an issue as to the plaintiff's right to recover. And besides, the defendant testified that "these three notes

were given for the purpose of aiding the association in rebuilding, with the understanding that only one was to be paid." The note being by its terms an unconditional promise to pay the sum of $1,875, which was a part of a transaction in which two other notes were given at the same time—one for $1,750 and one for a like sum as the one in suit—it is incompetent for the defendant to show by a verbal contemporary agreement that if he would pay the $1,750 note he should incur no liability on the other two notes.   Ewing v. Clark, 76 Mo. 545; s. c., 8 Mo. App. 570.   "Parol evidence is not admissible for the purpose of showing that a promissory note, absolute by its terms, was only intended as evidence of the amount of money which had been advanced by plaintiff in carrying on a partnership business, and which it was agreed was to be returned to plaintiff only in the event that the business should turn out prosperously."   Jones v. Shaw, 67 Mo. 667; Rodney v .Wilson, 67 Mo. 123.   "A note founded on a valuable consideration and containing an absolute promise to pay can not be avoided by parol evidence that it was to be paid only on a certain event." Wislizenus v. O'Fallon, 91 Mo. 184.   There are numerous authorities to the effect that a promissory note, unconditional in its terms, for a valuable consideration, can not be varied by a prior or contemporaneous agreement.

The note in question is supported by a valuable consideration, for in the language of the defendant:   "These notes were given for the purpose of aiding the association, with the understanding that only one was to be paid."   It therefore follows, that as the defense attempted could not have been urged successfully, even as against the payee in the note, all alleged errors in the admission and rejection of evidence by the court going to notice to the purchaser or holder of the note were immaterial and could have no effect on the result.

Cause affirmed.   All concur.

SEPARATE OPINION BY SMITH, P. J., AND ELLISON, J.

We do not understand Judge BROADDUS to say that the president of a corporation, *virtute officii,* can assign the assets of the corporation, yet it is possible some of the language used by him might be so understood. We are of the opinion that such officer can not assign the assets unless he is, in some lawful manner, authorized so to do. Hyde v. Larkin, 35 Mo. App. 365. It was so held by the St. Louis Court of Appeals, in Ferguson v. Venice Transfer Co., 79 Mo. App. 352, where the authorities in this and other States are cited and discussed.

### ADDITIONAL OPINION.

BROADDUS, J.—On the motion for rehearing my brothers, Judges SMITH and ELLISON, used the following language: "We do not understand Judge BROADDUS to say that the president of a corporation, *virtute officii,* can assign the assets of the corporation, yet it is possible some of the language used by him might be so understood." Most certainly the construction put upon the intent of the opinion by them is the correct one. In my judgment there is no language in the opinion that warrants the construction, that the president of a corporation had any such power. That question was not directly in issue in the case. As to whether the cases of Hyde v. Larkin, 35 Mo. App., and Ferguson v. Venice Transfer Co., 79 Mo. App. 352, are in conflict with the cases quoted in support of the original opinion in this case, I do not deem it pertinent to the inquiry here, and, therefore, will make no comment. Judges SMITH and ELLISON are to be commended for their vigilance as well as courtesy.