JOHN BAMBRICK, Assignee, Respondent, v. HUGH CAMPBELL, SR., *et al.*, Appellants.

St. Louis Court of Appeals, November 5, 1889.

1. **Special Tax Bills:** ASSIGNABILITY OF. Special tax bills for public work are assignable, and suit thereon may be brought in the name of the assignee.

2. **Evidence.** Such assignment, when made by a corporation, is sufficiently established by proof of an assignment in writing, signed by the president of the corporation; evidence of the president's authority to make the assignment is not requisite.

3. **Public Work:** VALIDITY OF ORDINANCE FOR. An ordinance of the city of St. Louis is not invalid, because, after its introduction, the municipal assembly submitted it to the board of public improvements with the suggestion of an amendment, and that board embodied the amendment in it, and returned it and recommended its passage, without altering the endorsement of the estimated cost of the improvement, made on the original draft of it.

4. ———. It is not necessary that such ordinance should contain a provision for advertisement for bids for the work; advertisement, which is in compliance with the requirements of the charter and ordinance for advertisement for bids for the purchase of supplies, will suffice.

5. **Special Tax Bills:** PENAL INTEREST ON. The institution of suit on such special tax bill is equivalent to a demand of payment, for the determination of the right to penal interest on the tax bill.

*Appeal from the St. Louis City Circuit Court.*—HON. JAS. E. WITHROW, Judge.

AFFIRMED.

*Noble & Orrick* and *H. A. Loevy.* for the appellants.

The petition did not state a cause of action. (*a*) Because the special tax bill was not lawfully assignable by the quarry company to Bambrick.    R. S. 1879, sec.

3462; *McInerny v. Reed*, 23 Iowa, 410. (*b*) Because there was no direction in ordinance 13,698 to the board to advertise for bids or let out contracts for the work. (*c*) Because ordinance 13,698 does not grant or give authority to the board of public improvements to advertise for bids and let out contracts for the proposed improvement. The special tax bill was incompetent, and improperly admitted in evidence, for same reasons, and because no authority in Bates, the president of the quarry company, to make an assignment was shown, nor was its seal affixed to the assignment. 1 Waterman, Corp. 445; *Campbell v. Metal Co.*, 96 Mo. 468; *Read v. Buffum*, 21 Pac. Rep. 555. The board of public improvements was without authority of law, after it had recommended the draft ordinance to the house, to amend or modify it in any respect. It was *functus officio* as to that duty. There was no legal endorsement on the draft ordinance, as amended, of an estimate of the cost of the work to be done. This rendered ordinance 13,698 void. Charter, art. 6, sec. 15; *Kinealy v. Gay*, 7 Mo. App. 203; *Perkinson v. McGrath*, 9 Mo. App. 26.

*Rowe & Morris*, for the respondent.

The special tax bills were assignable. *Rudolph v. Decker*, 36 Mo. 465; *Enright v. Rice*, 89 Mo. 685. There is no authority for looking in the unauthorized record kept by the board of public improvements or the municipal assembly to ascertain whether they have conformed their conduct to the city charter in the recommendation of ordinances. *Railroad v. The Governor*, 23 Mo. 353; *City v. Foster*, 52 Mo. 519; *Ball v. Fagg*, 67 Mo. 484; *Ex parte Bedell*, 20 Mo. App. 129. The bringing of suit was equivalent to a demand on the tax bill. *Eyermann v. Provenchere*, 15 Mo. App. 271. The evident meaning of the charter, section 27, article 6, is that, when an ordinance is passed

for a street improvement, the board "shall advertise for bids as provided for purchases by the commissioner of supplies," and that the work and material called for in the advertisement shall be the same as described in the ordinance.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff prosecutes this action on a special tax bill. The petition contains the usual averments and states, among other things, that the work was done by the St. Louis Quarry Company, to whom the tax bill was originally issued, and who, for value, assigned the same in writing to the plaintiff. There was judgment for plaintiff in the trial court, and the defendants appeal.

I. The first assignment of error is that the court erred in admitting any evidence in support of the petition, because the tax bill was not assignable, and therefore the plaintiff, as assignee, could not maintain the action in his own name. In *City v. Rudolph*, 36 Mo. 465, and *City v. Rice*, 89 Mo. 685, the supreme court decided that a tax bill issued to a contractor was an assignable cause of action, and these decisions preclude all argument on the subject, as far as this court is concerned. The first of these cases was decided in 1865, and established a rule of property which has been followed ever since, so that even if this court had power to disturb it, which it clearly has not, it would be both unwise and inequitable to do so.

II. The next complaint is that the assignment of the special tax bill was not proved. The tax bill offered in evidence contains the following indorsement:

"I hereby assign the within bill, for value received, to John Bambrick, and he is authorized to sign my name to the receipt.
"ST. LOUIS QUARRY COMPANY,
"M. L. BATES, Pres."

The plaintiff proved that M. L. Bates was president of the St. Louis Quarry Company, and that the signature to the endorsement was in his handwriting. The objection was that no authority was shown in Mr. Bates, as president of the St. Louis Quarry Company, to assign the tax bill. Both parties assumed in the examination that the quarry company was a corporation. Presidents of corporations, by general custom, exercise certain powers in acting for the corporation. This custom has frequently been judicially recognized. 1 Morawetz on Private Corporations, sec. 538. The president, being the legal head of the body, when an act is performed by him, the presumption will be indulged in that the act is legally done and binding upon the body. *Southgate v. Railroad*, 61 Mo. 94; *Smith v. Smith*, 62 Ill. 493. The evidence in this case was sufficient to make out a *prima facie* case of a valid assignment in the absence of proof that the officer in question, under the charter and laws of the corporation, had no such authority.

III. It appeared by the defendants' evidence that the board of public improvements drafted an ordinance providing for the street improvement in question, and sent it to the municipal assembly, as the charter requires. The municipal assembly suggested an amendment, and submitted it to the board, who thereupon embodied the amendment into the ordinance, and recommended its passage. The ordinance as thus amended was passed. The amendment related to a change in the material and depth of the curb. There was an endorsement on the ordinance, as first prepared, showing the estimated cost of the improvement, and the apportionment of such cost. This endorsement was retained on the amended ordinance. These facts were shown by the journal of the house, and by the records of the board of public improvements.

The defendant claims that the facts thus shown were fatal to plaintiff's recovery; that the board became

*functus officio* when it sent the first draft prepared by it to the assembly, and could not re-acquire jurisdiction of the matter, except by preparing and submitting an entirely new ordinance, with a new estimate and apportionment of the cost; and that the amendment of a pending ordinance was wholly unauthorized.

The object of the charter provision is to secure to the public, and to the property-owners affected by the improvement, the benefit of the skill and unbiased judgment of scientific men, removed from local influence. The provision is that no ordinances for the construction or reconstruction of a street shall be passed, unless recommended by the board of public improvements. That the ordinance in question was passed in the exact shape, in which it was recommended by that board, is not questioned; and it ·is certainly wholly immaterial whether, in so doing, the board made a clean copy or used its former copy and interlined it. By retaining the original estimate, the board simply declared that the change did not substantially affect the cost; whether the estimate was correct or not, is not a question for the courts. The trial court admitted all this evidence, as it tried the case sitting without a jury, and therefore we are not called upon to decide whether, under the rule stated in *Ball v. Fagg*, 67 Mo. 484, the minutes of the municipal assembly, or of the board of public improvements, were admissible at all for the purpose of showing that an ordinance, valid upon its face, was not legally passed, or whether the rule stated in *Ball v. Fagg* was set aside by the supreme court in *State ex rel v. Mead* 71 Mo. 266. This assignment of error is without merit.

The next assignment is that the ordinance providing for the improvement was void, because it did not contain a provision of advertising for bids under it. The charter provides that the board of public improvements shall in all cases, except in case of necessary repairs requiring prompt attention, prepare, and submit to the

assembly, estimates of cost of any proposed work, and under the direction of the ordinance shall advertise for bids, as provided for purchases by the commissioner of supplies. The charter also provides that the municipal assembly shall provide by ordinance for the purchase of all articles by the commissioner of supplies, by advertising for proposals, and then goes on to state in detail the manner of advertising, opening bids, and awarding of contracts. It is the object of the charter to make advertisements and bids for public work conform to this provision, and the ordinance referred to in in the first charter provision, above quoted, by the words "under the direction of the ordinance" is an ordinance providing for advertising which conforms in details to the charter requirement in advertising for bids for supplies. The object of the provision is to secure to the public the same particularity and exactness in advertisements for all public work, as the charter requires in advertisements for supplies. No claim is made that the board did not advertise for this work with the same detail of description, as required by the charter provision and ordinance providing for advertising for supplies. The only claim is that this advertisement was provided for by another ordinance, and not the ordinance providing for the improvement. There is no merit in this assignment.

IV. The only remaining assignment is that the court erred in treating the date of filing the plaintiff's petition, and the issue of a summons thereon, as the date of the institution of the suit, and hence as the date of the demand, which fixes the plaintiff's right to penal interest. The charter provides that, in case the owner of the ground is a non-resident of the state, suit may be brought by attachment, which shall be a demand of its payment. In the case at bar, suit was brought by summons, and the defendants who are non-residents were subsequently brought in by publication. This court

decided in the case of *Eyermann v. Provenchere*, 15 Mo. App. 271, that the charter does not imply that a demand prior to the institution of the suit is to be a condition precedent to recovery, and that there was nothing to take this class of cases out of the general rule, that the bringing of a suit is of itself a demand. If the filing of a petition and the issuance of a summons thereon fixes the date of the institution of the suit, and hence the date of demand against a resident of the state, even though he was not served with process upon that summons, but upon an *alias* subsequently issued, it is not perceptible, why it should not fix it against a non-resident. No question was made in the case as to the valid institution of the suit by summons, as the defendants appeared and defended on the merits.

Seeing no error in the record, we affirm the judgment   All the judges concurring, it is so ordered.