THE STATE OF MISSOURI to the use of C. W. THRASHER *et al.*, Appellant, v. JOHN HECKART *et al.*, Respondents.

St. Louis Court of Appeals, April 19, 1892.

1. **Assignment:** ATTACHMENT BONDS. Attachment bonds and claims arising under them are assignable.

2. **Corporation:** POWERS OF CORPORATE AGENTS. When the president and managing officer of a corporation assign a chose in action belonging to the corporation in payment of a corporate debt, his authority to make the assignment may be sustained by proof that the corporation

held him out as possessing it, as where the corporation tacitly permitted a practice on his part to exercise the power to transfer corporate assets for such purposes without obtaining special authority from the board of directors.

*Appeal from the Greene Circuit Court.*

REVERSED AND REMANDED.

*White & McCammon*, for appellants.

(1) The court erred in excluding the assignment of the attachment bonds and thereupon instructing the jury to find for the defendants. Such obligations and the causes of action arising thereon are proper subjects of alienation. *State to use v. McHale*, 16 Mo. App. 478–482; *Snyder v. Railroad*, 86 Mo. 613. (2) The assignment was made by the president and general manager, and the secretary of the company. The trial court excluded it, apparently on the ground that the assignment was not authorized by the resolution of the board of directors. The power of an officer, such as president and general manager of a corporation, to make contracts of that kind may be shown by usage, and the authority of the board of directors may be shown by its acquiescence. 1 Morawetz on Corporations, sec. 509. "It may be established without reference to the official record of the proceedings of the board, by proof of the usage which the company has permitted to grow up." And such is the uniform doctrine of the authorities. 1 Waterman on Corporations, 330, 331, 334; *Phillips v. Campbell*, 43 N. Y. 271; *Martin v. Webb*, 110 U. S. 7; *Mining Co. v. Bank*, 104 U. S. 192; *Ten Broek v. Will*, 20 Mo. App. 19; 2 Morawetz on Private Corporations, sec. 590; *McKeman v. Lenzer*, 56 Cal. 61. In the present case the authority of the president and general manager were shown by the fact of his constant practice of exercising such authority with the knowledge of the

board of directors. (3) The court below erred in refusing to permit witnesses to answer questions which were directed to the existence of such usage, questions which would have elicited further information on that point.

*Heffernan & Buckley*, for respondents.

(1) Respondent denies that the court committed error in excluding the assignment of the bond in suit from the jury after the evidence of Williams, Cowan and Smith, constituting the board of directors of said company, was in, disclosing the fact that said assignment was without authority of said board; also denies the court committed error in directing the jury to find issues for respondent. (2) A sealed instrument to be transferred, and a transfer thereof under the corporation seal, although *prima facie* by the authority of the board of directors may be shown not to be, and when so shown the transfer is void. The court will take notice that all the directors testified this transfer was without authority of the board. *Musser v. Johnson*, 42 Mo. 74; Morawetz on Corporations, sec. 169; *Lovett v. Steam*, 6 Paige, 54. (3) The president or other officer cannot assign an asset or account belonging to a corporation so as to vest right of action in assignee, unless authorized by the board of directors, and they must act as a board and not individually. Morawetz on Private Corporations, secs. 168, 251; 1 Beach on Corporations, sec. 224; *Hyde v. Larkin*, 35 Mo. App. 365.

ROMBAUER, P. J.—This is a suit upon an attachment bond, given by the defendants to the Missouri Lumber Company. The plaintiffs claim as assignees of the lumber company. Upon the trial of the cause the court ruled out the written assignment offered in evidence by the plaintiffs, and instructed the jury to find

for the defendants, which they did. This ruling of the court and incidental rulings bearing upon the validity of the assignment are assigned for error by the plaintiffs upon this appeal.

The plaintiffs were attorneys of the lumber company, and the bond in question was assigned to them in part payment of legal services rendered for that company. The assignment was executed by the president and general manager of the corporation in the name of the corporation, and attested by its corporate seal. On the other hand it was substantially conceded by the evidence that no direct action was ever had by the board of directors authorizing this assignment by vote, and that no minutes showing any authority on part of the president to make this assignment appear on the books of the corporation.

For the purpose of showing the authority of Williams to make this assignment by a usage of the corporation, the plaintiffs gave the evidence of Williams and the two other directors of the corporation, which tended to show that he had general authority to execute instruments of similar character; that he was in the habit of paying debts of the corporation by transferring acceptances and other evidence of indebtedness due to the corporation, and that his so doing was made matter of book account in the cash transactions of the company. One of the directors testified that Williams was the president, treasurer and general manager of the concern; that he managed its entire business, bought and sold lumber, drew and accepted drafts, and paid the debts of the corporation without any formal action on part of the board of directors. There was also evidence tending to show that he had assigned accounts due the corporation in payment of its debts. The plaintiffs endeavored to show by the testimony of Williams and these other directors that no objection was ever made

on part of any member·of the corporation to the action of Williams in these matters, but the court ruled out the evidence and the plaintiffs excepted and saved their exceptions. When the assignment was offered in evidence the court also rejected it, and plaintiffs saved their exceptions.

Under the statutes and decisions in this state, attachment bonds and claims arising thereon are assignable. All causes of action arising on contracts are assignable, and, under the last rulings of the supreme court, even causes of action arising in tort, if they be of a character which would survive and pass to the personal representative as assets. *Snyder v. Railroad*, 86 Mo. 616. The rights of the assignee in such cases are not greater than those of the assignor, and he is subject to all defenses which might have been made against his assignor, existing at the date of the assignment (*State to use v. McHale*, 16 Mo. App. 482); hence, the rights of the defendant are in no way prejudiced. In view of that state of the law it is evident that the trial court rejected the assignment offered in evidence on the sole ground that the plaintiffs had failed to show any authority in Williams to assign this particular claim of the corporation.

We held in *Missouri Fire Clay Works v. Ellison*, 30 Mo. App. 72, that authority on part of the president and secretary to execute a deed for the corporation need not be affirmatively shown by a party claiming under the deed, but in absence of evidence to the contrary such authority is presumed. To the same effect is *Musser v. Johnson*, 42 Mo. 74. In *Bambrick v. Campbell*, 37 Mo. App. 460, we decided that the president being the legal head of the body corporate, when an act is performed by him the presumption will be indulged in that the act is legally done and binding upon the body. We there held that the written assign-

ment of a special tax bill by the president of a quarry company, in the name of the corporation and under its seal, was *prima facie* valid. When presidents or other officers of corporations by custom exercise certain powers for the corporation, the custom has frequently been judicially recognized (1 Morawetz on Private Corporations, sec. 538), and in such cases, in absence of an express prohibition, the courts take judicial notice of the extent of the powers of certain corporate agents. In many cases, even where restrictions are imposed on corporate agents by the charter or by-laws of the corporation, the usage of the corporation may be such, that parties dealing in good faith with such agents cannot be affected by such restrictions. *First National Bank of Hannibal v. Coal Co.*, 86 Mo. 125.

The question, whether one has held out another as his agent possessing certain powers, where there is substantial evidence to that effect, is a question of fact and not of law, and there is no difference in that respect between corporations and natural persons. In *Hyde v. Larkin*, 35 Mo. App. 365, it was held that the assignment of an account due to a mining corporation by its president and general manager as security for money borrowed by him for the corporation could not be upheld in the absence of any evidence of corporate usage recognizing the authority of the president to borrow money or assign accounts, that being the only instance shown in which the president had ever done so. In the case at bar, however, the plaintiffs did give evidence of a practice on the part of the president to exercise similar powers in the assignment of corporate assets. It also appeared that his conduct in so doing was known to his codirectors, and that the account books of the corporation bore evidence of his actions. It was a question for the jury, under appropriate instructions, whether he was held out as a corporate

agent invested with the power of making this assignment. The court, therefore, erred in withdrawing the question from their consideration. The court also erred in excluding evidence tending to show a course of conduct on part of the corporation, as all evidence bearing on that question was relevant.

The judgment is reversed and the cause remanded. All the judges concur.