STATE TO USE OF C. W. THRASHER *et al.*, Appellants, v. JOHN HECKART *et al.*, Respondents.

St. Louis Court of Appeals, May 7, 1895.

1. **Sufficiency of Assignment of Claim by Corporation:** AUTHORITY OF PRESIDENT. An assignment of a claim held by a corporation, when signed by the president and secretary of the corpora-

tion and sealed with its seal, is *prima facie* valid. And *held*, that the evidence in this cause as to the actual authority of the president was not sufficient to rebut the presumption in favor of the validity of such assignment.

2. **Attachment Bond**: COUNSEL FEES OF ATTACHMENT DEFENDANT. The counsel fees of an attachment defendant, which can be recovered in an action on the attachment bond, embrace only those incurred in procuring a dissolution of the attachment; and these, in the case at bar, were held to be confined to the fees for the filing of the plea in abatement.

3. **Practice, Appellate**: ASSESSMENT OF COUNSEL FEES IN ACTION ON ATTACHMENT BOND. And *held*, that the amount of fees for the filing of such plea should be assessed by this court in order to avoid the costs of a retrial of the cause, since such costs would exceed any possible recovery for such fees.

*Appeal from the Webster Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED (*with directions*).

*F. M. Mansfield, W. H. Rush* and *White & McCammon* for appellants.

*Heffernan & Buckley* for respondents.

BIGGS, J.—The defendant, Heckart, brought an attachment suit against the Missouri Lumber Company, a corporation, to recover an alleged indebtedness of $6,000. He and his codefendants executed the attachment bond here in suit. There were thirteen prior attachments against the Lumber Company, all of which were sustained. The prior liens being in excess of the value of the property attached, Heckart dismissed his suit. The Lumber Company employed the plaintiffs, who are attorneys at law, to represent them in all of the actions. Subsequently to the dismissal of the suit by Heckart, the president of the Lumber Company attempted to transfer the claim of the company on the bond here in suit to the plaintiffs, who bring this ac-

tion as such assignees, and claim that the Lumber
Company was damaged, by reason of the attachment, in
the sum of $600. The answer is a general denial, and,
in addition, it is averred that at the time of the assign-
ment the Missouri Lumber Company owed Heckart a
large amount of money. The cause was submitted to
a jury. All instructions asked by the plaintiffs were
given. The defendants asked none. The court gave
one on the measure of damages, against which no ob-
jection is made. The verdict of the jury was for the
defendants, and the plaintiffs have appealed.

The plaintiffs' instructions submitted to the jury
two questions of fact, one as to the amount of the
damages sustained by reason of the attachment, and
the other as to the authority of the president of the
Lumber Company to make the assignment of the claim.
The contention is that the finding of the jury as to both
issues was not authorized by the evidence.

The execution of the assignment of the claim for
damages on the bond was not controverted. It was
signed by the president and secretary of the company,
and had the seal of the corporation attached. This
made a *prima facie* case for the plaintiffs as to the valid-
ity of the assignment. *State v. Heckart*, 49 Mo. App.
280; *Missouri, etc., v. Ellison*, 30 Mo. App. 67; *Musser
v. Johnson*, 42 Mo. 74; *Bambrick v. Campbell*, 37 Mo.
App. 460. The other evidence bearing on the question
of the authority of the president to execute the transfer
is not sufficient, in our opinion, to rebut this *prima facie*
case. In fact, all the evidence tends to prove that he
had in charge the finances of the company; that he
had been in the habit of transferring checks, drafts,
notes and other claims of the company in discharge of
its indebtedness, and that his acts, if not expressly
authorized, had been acquiesced in or expressly ratified

by the directors. Therefore, as to that issue the finding of the jury is unsupported by any evidence.

Concerning the proof as to the damages, we encounter greater difficulty. The plaintiffs' evidence tended to prove that their services in defending the suit brought by Heckart were worth at least $300. The bulk of the work in that particular case consisted of an investigation of the books of the Lumber Company by the plaintiffs, and a trip from Springfield to Howell county for the purpose of establishing the fact that Heckart's alleged debt was fictitious. They also filed a plea in abatement putting in issue the truth of the alleged grounds of attachment, and the plea also contained a denial of the indebtedness. Now, it is well settled that the claim for counsel fees, in actions on attachment bonds, must be confined to those incurred in procuring a dissolution of the attachment. *Fry v. Estes*, 52 Mo. App. 1. It is also the law of this state that the merits of the plaintiff's claim in an attachment suit can not be investigated on the trial of the plea in abatement. *Chouteau v. Boughton*, 100 Mo. 406. It may be proper to state in this connection that the uncontradicted evidence was that, at the time of the institution of the attachment suit, the Missouri Lumber Company was largely indebted to Heckart. It is plain, therefore, that the plaintiffs can not recover anything for their services in preparing to defend the action on the merits, and, as no attempt was made to segregate or apportion the charges for the different services, the plaintiffs were entitled, at most, to nominal damages.

Upon a retrial of the cause the plaintiffs would be entitled to recover, under the conceded facts, the reasonable cost of preparing and filing a plea in abatement. The case of *Skrainka v. Oertel*, 14 Mo. App. 474, *loc. cit.* 482, furnishes a precedent for an estimation of such

services by a court. As the costs of a new trial would necessarily exceed the plaintiffs' possible recovery, we will not remand the cause for new trial of the only matter in dispute, namely, the cost of preparing and filing a plea in abatement. We deem the reasonable value of such service to be $10. The judgment is reversed and the cause remanded, with directions to enter judgment for plaintiffs for the penalty of the bond, with an award of $10 for damages. All the judges concurring, it is so ordered.