W. H. WINSCOTT, Respondent, v. GUARANTEE INVESTMENT COMPANY OF NEVADA, MISSOURI, Appellant.

St. Louis Court of Appeals, November 12, 1895.

1. **Corporations**: PRIMA FACIE POWERS OF PRESIDENT AND SECRETARY. A contract, signed by the president and secretary of a private corporation, will be presumed to be within the powers of these officers in the absence of evidence to the contrary.

2. ———: ULTRA VIRES: EXECUTED CONTRACT. The defense of *ultra vires* is not open to a corporation, when the contract has been fully executed on the part of the other contracting party, and is not expressly prohibited by law.

3. ———: PREFERRED STOCK BEARING INTEREST. Preferred stock bearing interest absolutely is unauthorized, the statutory provision for such stock being for a stated rate of dividend which should be payable only out of the net yearly income of each current year.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

Chester H. Krum for appellant.

Taylor & Erd for respondent.

ROMBAUER, P. J.—This is an action on the following written contract: "This is to certify that W. H.

Winscott is entitled to five shares of preferred stock in the Guarantee Investment Company, of Nevada, Missouri, and the Guarantee Investment Company agrees to deliver to W. H. Winscott, or order, ninety days from the date hereof five shares of the preferred stock of the Guarantee Investment Company upon surrender of this certificate, or, in case of a failure by the company to deliver above amount of preferred stock, the company agrees to pay the holder thereof $500 in good and lawful money of the United States. This certificate shall bear interest at the rate of seven per cent per annum from and after the date hereof.''

The contract is signed by the president and secretary of the corporation.

Upon the trial the plaintiff gave in evidence the record of the proceedings of a meeting of the stockholders and directors of the corporation, purporting to authorize the issue of preferred stock. The defendant objected, because the corporate action recited in such proceedings was unwarranted by law. The court overruled the objection, and the defendant excepted. The plaintiff thereupon read in evidence the written promise sued upon, the execution whereof was admitted. To this the defendant objected, because the execution of the paper was *ultra vires* of the corporate officers. This objection was overruled, and the defendant excepted. The plaintiff thereupon gave evidence tending to show that, upon the faith of this promise, he paid $500 to the corporation; that, at the expiration of the ninety days, he demanded of its officers the stock mentioned; that, upon their refusal to issue the stock, he demanded the return of his money with interest; that the officers of the corporation refused to refund the money, and that thereupon he brought this suit. The defendant offered no evidence whatever, but asked an instruction in the nature of a demurrer to the evidence.

The court refused this instruction, and found for the plaintiff for the amount of the certificate sued on with interest, whereupon the defendant appealed.

We will concede at the outset that the issue of the preferred stock was not authorized by any corporate action, as the resolution provided that it should bear *interest* at the rate of seven per centum per annum, while the statute (Revised Statutes, section 2784,) only authorizes the issue of preferred stock bearing *dividends* not exceeding seven per centum per annum, payable out of the net yearly income earned in any one current year. We fail to see, however, how this in any way affected plaintiff's right of recovery, or the extent of his recovery.

It stands conceded that the corporation obtained the plaintiff's money on faith of this promise, and that it still retains the plaintiff's money. The defense of *ultra vires* is not admissible where the contract · has been fully executed on one side, unless it is a contract expressly prohibited by law. As far as any claim of *ultra vires* acts on part of the corporate officers is concerned, there was evidence of a ratification by the corporation in receiving and retaining plaintiff's money. But evidence of such a ratification was not essential, as the contract was *prima facie* valid. The president is the managing officer of the corporation. We held, in *Missouri Fire Clay Works v. Ellison,* 30 Mo. App. 67, that, in the absence of evidence to the contrary, the power of the president and secretary of the corporation to execute even deeds of the corporation will be presumed. That this is the rule in regard to less formal contracts of corporations is too well settled to be questioned. *Musser v. Johnson,* 42 Mo. 74; *Bambrick v. Campbell,* 37 Mo. App. 460; *State v. Heckart,* 49 Mo. App. 280; *First National Bank of Hannibal v. Coal Co.;* 86 Mo. 125; 1 Morawetz on Private Corporations, sec.

538. As the defendant adduced no evidence of a want of authority on the part of these officers, the plaintiff was *prima facie* entitled to recover on the *contract*. His right to have his money returned to him would have been absolute, even in the absence of a valid contract of the corporation.

We are asked to affirm the judgment with damages, on the ground that the appeal is vexatious. The above statement will show that the appeal is entirely without merit, and hence we are justified in concluding that it was taken for the purposes of delay.

Judgment affirmed, with five per cent damages. All the judges concur.