WALTER E. ROSE *vs.* ROY W. PARKER.

Androscoggin.    Opinion February 15, 1917.

*Bills of exceptions.   Distinction between suits brought upon judgments of another*
*State and domestic judgments.   Right to attack foreign judgments collaterally.*
*Rule as to collateral attack of domestic judgments.   Right to attack*
*by parol evidence the authority of an attorney at law to*
*appear and suffer judgment*

1.  Bills of exceptions must set out with particularity the rulings by·which the
party presenting such bills claims to have been aggrieved.  Otherwise, they
cannot be considered.

2.  The record of judgment of another State is prima facie evidence only of mat-
ters recited therein and may be attacked collaterally while that of a domestic
judgment is conclusive evidence of all matters recited or shown and is subject
to direct attack only.

3.  The absence of authority of an attorney at law to appear for a defendant can-
not be shown by parol and the judgment obtained against defendant attacked
collaterally.

4.  The court may judicially notice the fact that a person has been admitted to
practice in the courts of the State and was, at a certain time, entitled to prac-
tice as such.

Action of debt to recover amount due on a judgment rendered
against the defendant in favor of the plaintiff on July 15, 1898, in the
Municipal Court of the city of Auburn, Maine.   Defendant pleaded
general issue and filed brief statement of special matter of defense,
setting forth that the defendant was never served with process in the
suit mentioned and described in the plaintiff's writ, nor did he appear
in person, nor did he authorize any attorney to appear in his behalf,
and that said pretended judgment was, by reason of the aforesaid,
void and of no effect.   At the close of the evidence, the presiding
Justice directed a verdict for plaintiff; to which ruling, defendant
filed exceptions.   Exceptions overruled.

Case stated in opinion.

*Newell & Woodside,* for plaintiff.

*McGillicuddy & Morey,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, MADIGAN, JJ.

BIRD, J.   This is an action of debt brought by plaintiff against defendant on a judgment which he alleged he obtained against the latter in the Municipal Court of the City of Auburn on the fifth day of July, 1898.   The writ in this action is dated June 23, 1916 and was returnable at the September Term of the Supreme Judicial Court of the County of Androscoggin.   The defendant pleaded nil debet with a brief statement that he was never served with process in the suit in which the judgment was rendered, made no appearance in person, authorized no attorney to appear in his behalf and that the judgment was void.   Upon trial of the case, a verdict for plaintiff was directed and the case is here upon exception to such direction.

It appeared from the record produced in evidence that no service was made upon defendant in the suit in which was rendered the judgment on which this suit is brought, although service was made upon sundry alleged trustees of the defendant.   Appearance upon the docket for defendant was entered by one Joel Bean, Jr., and later the case was defaulted as to the principal defendant, judgment entered and execution issued.

The defendant denied any knowledge of the judgment until he received notice of the pending suit but this testimony was, by order of court, stricken from the record.   The defendant offered his own testimony to show that he never employed Joel Bean, Jr., that he never knew any action was pending or that he had entered any appearance.   The evidence was excluded.   To this exclusion, exceptions were noted at the time and are now argued.

The bill of exceptions, omitting formal parts, is as follows:

"At the close of the evidence the presiding Justice directed a verdict for the plaintiff.

"The writ, the plea and all evidence is made a part of these exceptions.

"To all which rulings excepts and prays that his exceptions may be allowed."

We must hold that under the bill of exceptions, questions regarding the admission or exclusion of evidence are not open to defendant. *Richardson* v. *Wood*, 113 Maine, 328, 330, 331; *Borders* v. *B. & M. R. R.*, 115 Maine, 207.   The only question before us is involved in the exception to the order of the court directing a verdict for defendant.

Upon the evidence we conclude that the order was justified. This is not the case of suit brought upon the judgment of another State nor even of a judgment of this State against a non resident of this State. During the course of the trial defendant's counsel, replying to a citation of an authority by plaintiff, said "In that case there were non residents of the State. Here was a man that was within the jurisdiction and they made no service upon him. This was entirely different because he was here." It is fairly to be inferred that defendant was a resident of this State.

Although there are many authorities to the contrary our own court has held, in harmony with the decisions of many of the States, that there is a marked distinction between cases brought upon the judgment of another State and those brought upon domestic judgments. *Granger* v. *Clark*, 22 Maine, 128, 130; *Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 456, 463; See also *Blaisdell* v. *Pray*, 68 Maine, 269, 272, 274. See *Ferguson* v. *Crawford*, 70 N. Y., 253, 26 Am. Reps,, 589; *Bunton* v. *Lyford*, 37 N. H., 512, 75 Am. Dec., 144 and note; *Robb* v. *Vos*, 155 U. S., 13.

The former are prima facie evidence only of matters recited and may be attacked collaterally; the latter are conclusive evidence of all matters recited or shown by the record and subject to direct attack only, unless want of jurisdiction either of the subject matter of the cause or of the parties is apparent upon the face of the record; *Bissell* v. *Briggs*, 9 Mass., 462; *Granger* v. *Clark*, supra. *Toothaker* v. *Greer*, 92 Maine, 546; *Simmons* v. *Jacobs*, 52 Maine, 147, 155, 156; *Finneran* v. *Leonard*, 7 Allen, 54, 56; *Young* v. *Watson*, 155 Mass., 77, 78.

It is not questioned that the court rendering the judgment sued upon had jurisdiction of the subject matter of the suit. In the case of a domestic judgment, the absence of authority of an attorney at law to appear for a defendant cannot be shown by parol, and the judgment attacked collaterally. *McNamara* v. *Carr*, 84 Maine, 299, 303.

Nor do we think that there was any lack of proof that the person who entered the appearance for defendant had been duly admitted and was then entitled to practice as an attorney-at-law in this State. The court voluntarily ruled, without objection, that it would take judicial notice of the fact that a person had been duly admitted to practice in the courts. *Ferris* v. *National Commercial Bank*, 158

Ill., 237; *Fry* v. *Estes,* 52 Mo. App., 1; *State* v. *Sanders,* 62 Id., 33; *Cothren* v. *Connaughton,* 24 Wis., 134; *Ex parte Hore,* 3 Dowl.

The court failed to rule expressly that it so found, as it would undoubtedly have done if it had had occasion to charge the jury. It, however, directed a verdict which it could not have done unless it was prepared to take judicial notice of the admission to practice of the person who entered the appearance and of his status as such at the time of the entry.

> *The exceptions must be overruled*
> *and it is so ordered.*