## ALBERT ROY *vs.* HARRY BELLEVIEU.

Kennebec County. Decided October 29, 1919. Through his Waterville agency, in May, 1915, one William J. Skehan conditionally sold and delivered an automobile to Walter Bellevieu. In part pay-

ment of the purchase price, the vendor received a Holmes note, signed by the vendee and his parents, which note included the automobile, and later was duly recorded.

Less than 5 weeks afterward, following somewhat disastrous use by himself of the motor vehicle, Bellevieu decided to get rid of it. Accompanied by a brother of his named Harry, he went to see Fred J. Laundry, a garage keeper, whom he had known in the original dealings as the agent of Skehan. Together, in the garage, the three men talked over the situation: Walter had demonstrated unskillfulness in driving the car; moreover, his health was poor, and he was about to go away from home temporarily; Laundry, either already had, or with diligence would, put the machine in running order. And Harry Bellevieu, the brother of the contingent owner, should put it up to sale. The Bellevieus then left the garage.

Next, Albert Roy, the plaintiff, was introduced to Harry Bellevieu by Laundry, as a prospective purchaser. Negotiations, which ultimately led to a pretended outright sale and a supposed purchase of the car, were promptly under way. Harry Bellevieu, so the plaintiff testified, did not mention the subsisting Holmes note, and said nothing to indicate that any person other than himself owned the automobile. Testifying as a witness, Mr. Bellevieu said, that he not only told Roy, at the time, that he was acting for his brother, but that he gave him a receipt, covering a partial payment in money, which he (Harry) had executed as agent for Walter. Besides, that the negotiable promissory note, accepted from Roy in payment of the balance of the price for the car, was payable to the order of Walter Bellevieu. Respecting the receipt and the note, Mr. Roy, bore witness that though he could write, yet he could not read, the English language; that, until subsequently explained, the receipt was unintelligible to him; that his knowledge concerning the note was restricted to signing it, after its form had been written out by Harry Bellevieu, and to its destruction upon payment.

Roy had had the automobile in his possession but a short time when Skehan, holding the Holmes note, came to see him. Then, at first, Skehan, and him following, Roy, called upon and interviewed Harry Bellevieu; each, in turn, insisting upon recognition by the latter of claimed rights. Finally, Harry Bellevieu paid to Skehan what remained, unused by Walter, of the money that Roy had paid. Also, he delivered to him Roy's purchase price note. Furthermore,

he tendered him, and Skehan accepted, two other notes, signed by Walter and his father and mother, payable to Skehan's order. So, Skehan had the original Holmes note, and, too, cash and negotiable promissory notes aggregately equalling the amount of the face of the Holmes note. Skehan presented Roy's note, and from him received a substantial cash payment, with a new note for the balance, which was paid at maturity.

From the time of Skehan's arrival, reckoning from the sale to Roy, a year had gone. The new notes from Walter Bellevieu and his parents, both long overdue, were unpaid, and efforts to enforce collection unavailing. Relying, under the Holmes note, on legal title to the automobile in himself, Skehan sued Roy. On confession of liability, damages were assessed at $278.42, and judgment therefor entered in the Kennebec Superior Court. Roy paid the judgment, and against Harry Bellevieu brought the pending suit for deceit in the sale, counting in his writ on the concurrence of both fraud and damage. At the trial, under a plea of the general issue with brief statement, defendant contended that, during the trading between himself and Roy, Skehan was consulted with regard to outstanding claims against the automobile; that, suppressing information of his own demand, he, by his speech, and by the words of Laundry, asserted to have been authoritatively spoken, led both plaintiff and defendant to believe the automobile to be without encumbrance; that he encouraged and sanctioned the sale and purchase of the car; and that the proceeds of the transaction, with the other Bellevieu notes, eventually moving to him, superseded the Holmes note, and left it without potent existence. Plaintiff recovered a verdict for $259.50. That verdict defendant has moved, in usual form motion, to have set aside.

It is the general rule, that receiving a negotiable promissory note creates presumptive evidence of the payment of the indebtment for which it was taken. For foundation that presumption rests upon the intent of the parties. Rebuttable always by competent evidence, the presumption does not attend in cases where the creditor thereby would lose the benefit of existing security. Skehan retained the Holmes note. Nevertheless, it was open to show that he had waived his rights thereunder; that against him there operated an equitable estoppel to assert title to the property.

Waiver is a question of fact. Estoppel in pais is a question of law and fact mixed. In the case in hand, there is absence of assignment of erroneous instruction. The tribunal to which determination of the facts in controversy was referred, found that all the essential ingredients required to sustain the action existed. It is the office of a jury to judge of fact. The members of the panel that tried this case saw the witnesses; heard them testify, and observed them while on the stand. Having those distinct advantages, they considered all the testimony; adjusted its conflicts; weighed its value; and based their report upon that part which they found to be of greater weight. A verdict, if it be a conclusion to which, acting fairly, justly, and intelligently, a jury might come, is final. The function of a court is to correct manifest error—to set aside verdicts palpably wrong. Were it to interpose otherwise, for the purpose of granting a new trial, the court would go outside its own province, and trench upon the constitutional sphere of the jury.

No sufficient reason is appreciated for disturbing the present verdict. Motion for new trial overruled. *Robert A. Cony*, for plaintiff. *A. A. Matthieu, and Mark J. Bartlett*, for defendant.