J. WILL LEAVITT *vs*. THE YOUNGSTOWN PRESSED STEEL COMPANY.

York.    Opinion June 2, 1933.

*Waterhouse, Titcomb & Siddall*, for plaintiff.
*Ralph M. Ingalls*,
*Franklin B. Powers*,
*Edward J. Harrigan*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.   Equity. Appeal by defendant, who sold certain merchandise to the American Specialty Manufacturing Company and, failing to receive payment therefor, sued to recover the purchase price. The personal property of the debtor company was attached on a writ dated May 14, 1929, the attachment being released by the delivery of a statutory bond signed by the plaintiff as surety on May 20, 1929.

There was a dispute in connection with the amount due from the Manufacturing Company and a settlement of the differences between it and defendant was discussed by their counsel. As a result, it was agreed that the Manufacturing Company should be given a considerable discount on the original bill; and on October 1, 1930, a promissory note for $2,546.09, payable in three installments, the last of which came due April 1, 1931, was executed by the Manufacturing Company and delivered to defendant. Nothing was ever paid on this note; and in the spring of 1931 the Manufacturing Company became bankrupt.

Before the note was given, the original suit had been referred and at the January term of the Superior Court, 1931, the referee filed a report under date of December 17, 1930, stating that the case had been adjusted and that he had been directed to return the report to the Court with the stipulation that the case be entered "Neither party, no further action." This report was not formally accepted and appears to have been entirely disregarded in the subsequent proceedings. The suggested docket entry was not made, the rule was re-issued at the May term, apparently under the original order of reference, and on June 25, 1931, the referee heard the case. There being no appearance for the Manufacturing Company, it was defaulted and damages assessed in the sum of $2,700. This report was accepted as of the May term and judgment entered thereon. Thirty days after the rendition of this judgment, defendant demanded payment of the amount due from plaintiff and threatened to bring suit unless its demand was complied with. The bill before us prays that it be enjoined from so doing and that the bond in question may be cancelled and decreed void, plaintiff's contention being that the note was given and received in full payment for the debt of the Manufacturing Company and that defendant, by accepting the note and also by extending the time of payment

without plaintiff's knowledge or consent, discharged him from liability as surety on the bond. The Court below sustained the bill and permanently enjoined defendant from enforcing or attempting to enforce the conditions of the bond against plaintiff. It is from this decree that defendant appealed.

Plaintiff's claim that the note was given and received in satisfaction of defendant's original demand against the Manufacturing Company is denied by defendant, which insists that the note was accepted conditionally and unless paid in full was not intended to affect the situation in any way. The evidence bearing on this controversy is meager and unsatisfactory, but defendant's position is very much strengthened by the presumption invoked by it on the authority of *Kidder* v. *Knox*, 48 Me., 555; *Paine* v. *Kimball*, 53 Me., 54; *Bunker* v. *Barron*, 79 Me., 66, 8 A., 253; *Bryant* v. *Grady*, 98 Me., 395, 57 A., 92; *Roy* v. *Belleviau*, 118 Me., 495, 108 A., 70; *Clark* v. *Downes*, 119 Me., 252, 110 A., 364; *Delano Mills Co.* v. *Warren et als*, 123 Me., 408, 123 A., 417; all holding that while a negotiable note given for a simple contract debt is *prima facie* deemed a payment or satisfaction thereof, the rule is otherwise when its application would impair security held by the creditor. In the instant case, defendant had ample security for the payment of the debt due it from the Manufacturing Company and in the absence of definite proof of its intention to abandon that security and rely wholly upon the unsecured note which it received, its claim that it accepted the note conditionally seems reasonable.

Defendant does not rest here, however, but goes farther and says that whether or not the note was intended in satisfaction of the original claim should not be considered in these proceedings but is a matter which should properly have been presented before the referee, if at all, and that his findings, fixing the liability of the Manufacturing Company, having been accepted and approved by the Court and having ripened into judgment, dispose of the question adversely to plaintiff's principal and, therefore, to plaintiff as surety.

Plaintiff admits in his brief that "any legal judgment against the original defendant would doubtless bind Mr. Leavitt on his bond"; and defendant, accepting this concession at face value, rejoins by saying, "That is precisely what we have — a legal judg-

ment against the original defendant. There is not the slightest taint of illegality about it, and none has ever been intimated either directly or indirectly. No review or direct attack on it has ever been sought and it cannot be attacked collaterally."

There is, unquestionably, force in this reply. That a judgment can not be attacked collaterally, either in equity or law, is too well established to admit of argument. *Coffin* v. *Freeman*, 84 Me., 535, 24 A., 986; *Blaisdell* v. *York*, 110 Me., 500, 87 A., 361; *Rose* v. *Parker*, 116 Me., 52, 99 A., 817; *Graney's Case*, 123 Me., 571, 124 A., 204. The Court below had no authority to go into the first question raised by plaintiff's pleadings, and we have no right to consider it here. It is plainly *res judicata.*

Plaintiff invokes another ground of relief. He relies on the principle that a binding extension of time given to a principal discharges the surety who has not consented thereto. This well established rule does not seem to us to be applicable here. The condition of the bond upon which plaintiff became surety was that "within thirty days after the rendition of judgment, he will pay to the plaintiff or his attorney of record the amount of said judgment." The fact that the pending case was continued from term to term while a possible adjustment was being attempted was not an extension of time within the meaning of the rule.

> *Appeal sustained.*
> *Case remanded for*
> *further proceedings.*